By the Court.
 

 This cause is in this court upon allowance of a motion of the Industrial Commission of Ohio to require the Court of Appeals of Hamilton county, Ohio, to certify the record of the cause in that court, wherein Edward O. Kauffman recovered a judgment upon a case appealed from the Industrial Commission. The motion to certify was allowed by this court because it was claimed that the appellant, Kauffman, had not filed an application for rehearing before the commission, as required by Section 1465-90, General Code.
 

 This court has this day decided the case of
 
 Industrial Commission of Ohio
 
 v.
 
 Hasel Grace Ramsey, post,
 
 497, 164 N. E., 509, to the effect that a court of common pleas has no jurisdiction to entertain an appeal from an order of the Industrial Commission, where the claimant, after denial of his claim, has not made application for rehearing, a rehearing had,
 
 *495
 
 and the claim again denied by the commission. Upon the authority of that case it would have to be held that if an application for rehearing had not been made, a hearing had thereon, and the' applicant’s claim upon such rehearing denied, the court of common pleas would have been without jurisdiction to entertain the appeal. It is pertinent therefore to inquire what action was taken before the commission. To ascertain the facts on this point, it is not necessary to go beyond the bill of exceptions which was allowed in the court of common pleas, which was the basis of the inquiry in the Court of Appeals, and is now such in this court. At page 18 of the bill of exceptions, we find the following stipulation of counsel representing the commission: “We also admit there was an application for a rehearing filed, and that the earlier finding of the commission was reaffirmed, and he has received no compensation since that time, April 4th, 1926. ’ ’
 

 This stipulation leaves no doubt that the jurisdictional conditions precedent had been met. It further appears by an examination of the record that no transcript of the evidence adduced before the Industrial Commission was made up, as contemplated by Section 1465-90, General Code, neither was the appealed case tried in the court of common pleas solely upon the transcript of the testimony before the commission. By the terms of Section 1465-90, as amended March 26,-1925, effective July 14, 1925 (111 Ohio Laws, 227), all cases appealed from the Industrial Commission to the court of common pleas are triable only upon such transcript. At the beginning of the trial, however, and after the jury had
 
 *496
 
 been impaneled and sworn, the following stipulation was made between counsel for the parties:
 

 ‘ ‘ Counsel agree the case be tried by the prior law which admits of oral evidence, and other evidence than the record itself.
 

 “Mr. Pulse: Those portions of the record that are relevant, and the stenographic report is here. I have no objection to its being introduced, but there is correspondence that are not official. I object to that.
 

 “Mr. Ollinger: The entire record is the record of the commission.
 

 “Mr. Marble: We object to anything except the official documents themselves.
 

 “Mr. Ollinger: I assure counsel all these entries in this transcript are official entries before the commission and are relevant and relate to the case.”
 

 It is therefore seen that, after the court had acquired complete jurisdiction of the cause, and the trial had actually begun, counsel for the commission and counsel for the appellant voluntarily agreed upon the admission of evidence other than the official transcript. This was clearly an irregularity, and, except for the stipulation of counsel, would constitute reversible error.
 

 The Industrial Commission of Ohio, represented by able counsel, must necessarily be required to observe the stipulations of counsel of record during the trial of a case the same as counsel for any other litigant.
 

 The judgment must therefore be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.