Marshall, C. J.
 

 It is doubtful if any case was ever presented to this court involving so great confusion and complications. Lawrence J. Curry was a
 
 *119
 
 resident of the city of Fairmont, West Virginia, at the time of his death. It does not appear whether any estate of his was administered in the state of West Virginia, but George W. Manfnll, of Carroll county, Ohio, was appointed ancillary administrator by the probate court of Carroll county. On April 29, 1927, Charles E. Curry, a brother of Lawrence J. Curry, brought an action against the ancillary administrator, in the common pleas court of Carroll county, to compel said administrator to transfer to plaintiff by indorsement certain certificates of stock, which, it was claimed, Lawrence J. Curry had given to his brother on October 29, 1925, while the said Lawrence J. Curry was in full life, and which the said Charles E. Curry has had in his possession since said date, claiming to be the true and lawful owner of the same, but which said certificates were never transferred by indorsement, and were never transferred on the books of the corporation.
 

 Lawrence J. Curry left surviving him a widow, who had been divorced many years previously, and a daughter, Virginia Curry, seventeen years of age.
 

 On the same day the petition was filed in the common pleas court of Carroll county an answer was filed making formal denials of the allegations of the petition, and asking that plaintiff be put upon strict-proof. On the same day, to wit, April 29, 1927, the court heard and decided the case, finding Charles E. Curry to be the true and lawful owner, and ordered the administrator to indorse the stock for transfer on the stock books of the corporation.
 

 On January 29, 1928, Virginia Curry learned for the first time of the suit of Charles E. Curry, and by Olive A. Curry, her mother and next friend, filed a petition for vacation of judgment. That petition
 
 *120
 
 alleged a conspiracy between Charles E. Cnrry and one Van Gilder, to whom other stocks and bonds had been given, to defraud Virginia Curry out of her inheritance. To the petition to vacate judgment Charles E. Curry filed an answer, making specific denials.
 

 The ancillary administrator apparently took no further interest in the case in the court of common pleas. On September 15,1928, the former judgment and decree was set aside by the trial court, and thereupon Virginia Curry filed an answer to the suit, and the case again came on for trial on July 1,1929. The court again found in favor of Charles E. Curry, but taxed the costs against him. A motion for new trial was filed and overruled, it being stated in the entry:
 

 “This cause now coming on for hearing on the motion of the defendant for a new trial, the court, on consideration, overrules the same. To which holding and ruling of the court, the defendant excepts and is granted the statutory period in which to prepare and file bill of exceptions, and in the event of appeal, bond fixed in the sum of $200.”
 

 No appeal bond was ever taken.
 

 On August 14, 1929, Virginia Curry, by her next friend, filed her petition in error in the Court of Appeals, naming Charles E. Curry only as defendant in error. The ancillary administrator was not named either as plaintiff in error or as defendant in error.
 

 A bill of exceptions was filed; and the bill, the original pleadings, and the transcript of journal entries were all filed in the Court Appeals in due time. Briefs of respective counsel were filed, and on April 1,1930, the case was submitted to the Court of Appeals. The docket entry recites: ‘ ‘ 1930, April 1. Cause heard, finding in favor of plaintiff in error
 
 *121
 
 and defendant in error’s petition dismissed at his costs; exceptions; motion for new trial overruled.”
 

 The journal entry recites that the cause was heard on appeal, and submitted upon the pleadings, transcript of docket and journal entries, and the evidence. The journal entry makes specific findings of fact, as it had a right to do if the case was heard on appeal, but which it had no right to do if the case was heard as an error proceeding. The concluding sentence of the journal entry reads, “And his petition is hereby dismissed at his costs, to which holding and ruling of the court- the plaintiff, by his' attorneys, excepts.”
 

 On the same day, the following entry was made:
 

 “April 1,1930. This cause being heard on the motion of plaintiff to set aside the judgment and finding made by the court in this action, and for a new trial, the court, on consideration thereof, overrules the same, to which holding and ruling the plaintiff, by his counsel, excepts.”
 

 The judgment in the Court of Appeals being adverse to Charles E. Curry, he prepared no bill of exceptions in that court,- evidently relying upon the case submitted to the Court of Appeals being an error proceeding, and in due time he filed in this court a motion to require the Court of Appeals to certify the record. That motion was allowed.
 

 If the cause was properly heard and decided by the Court of Appeals, as an appeal case, it would, of course, be necessary to have a bill of exceptions allowed by that court, in order to properly bring the case into this court in an error proceeding. If, on the other hand, the case was submitted to the Court
 
 *122
 
 of Appeals as an error proceeding, no further hill of exceptions would be necessary.
 

 The case was argued in this court, on the motion to certify the record, on the theory that it hád been heard in the Court of Appeals as an error case, nothing being said about the need of a bill of exceptions. When plaintiff in error printed the record, he did not print a complete record, and thereupon a motion was filed to strike the printed record from the files because he did not print all of the testimony. Briefs were filed by counsel for each of the parties in this court, and nowhere in the briefs of counsel for defendant in error was any objection made to the failure to procure a bill of exceptions in the Court of Appeals.
 

 During the oral argument of the cause on its merits in this court, it was for the first time claimed that the cause was submitted to the Court of Appeals as an appeal case.
 

 Olive A. Curry, as next friend, could only appeal by giving an appeal bond, and such bond was never given. Manfull, the ancillary administrator, presumably gave a bond as administrator in the probate court of Carroll county, though this fact nowhere appears, if it is a fact. By virtue of Section 12227, General Code, he would not be required to give a bond if he was in fact appealing to the Court of Appeals. That statute provides:
 

 “A party in any trust capacity, or a county treasurer in his official capacity, who has given bond in this state with sureties according to law, shall not be required to give bond and security to perfect an appeal ; and in such case, the clerk of the common pleas court, at the expiration of thirty days from the en
 
 *123
 
 tering of such judgment or order upon the journal of the court, if not otherwise directed, shall make a transcript, which together with the papers and pleadings filed in the case he shall transmit to the clerk of the court of appeals as in other cases of appeals. ’ ’
 

 The transcript and other papers and pleadings were in fact filed in the Court of Appeals, because this was necessary to be done in the error case.
 

 It does not appear in this record that Manfull, the ancillary administrator, took any part in the case after the first hearing in the court of common pleas on April 29,1927. So far as the record discloses, the case was conducted from that time forward by Virginia Curry, through her next friend. The name of the ancillary administrator does not even appear in the caption except as it was carried into the caption by Charles E. Curry when he filed a motion for a new trial in the Court of Appeals.
 

 When the motion to certify the record was filed in this court, Manfull was made a party defendant with Olive A. Curry as next friend of Virginia Curry.
 

 When Virginia Curry obtained leave to become party defendant in the common pleas court, that action amounted to a substitution, and the ancillary administrator thereafter took no further interest in the case.
 

 In view of the confused state of the record, as heretofore outlined, it has seemed best not to deal with the question of substantive law involved and this notion is fortified by the feeling that the pleadings and the evidence raise issues of fact rather than issues of law.
 

 While we are not furnished with a transcript of the proceedings in the Court of Appeals, enough ap
 
 *124
 
 pears to make it clear that the matter was submitted to the Court of Appeals as an error proceeding, and that it was not a submission of the evidence as a trial
 
 de novo.
 
 The petition in error filed in the Court of Appeals was by Olive A. Curry, as next friend of Virginia Curry, and Charles E. Curry was named defendant in error. Manfull, the ancillary administrator, was not named as either party plaintiff or defendant. The transcript, pleadings, and other papers were filed in the Court of Appeals pursuant to the statutory requirements of such error proceeding. The case was submitted to the Court of Appeals upon briefs of counsel, which bore the caption of the error proceeding, without oral argument and without formal tender of testimony. The ancillary administrator did not appear in the Court of Appeals either in person, or by counsel, or by brief, or by oral argument. The name of the ancillary administrator appears for the first time in a caption, and only in the caption, of the motion for a new trial. After the first hearing on April 29, 1927, the ancillary administrator took no further interest in the case, so far as the record discloses ; the further defense being made by Olive A. Curry as next friend of Virginia Curry, by separate counsel, and such counsel has conducted the proceedings continuously from that time forward. The ancillary administrator made no appearance in the Supreme Court; the proceeding in this court being defended solely by Olive A. Curry, through her counsel.
 

 It is true that Section 12227 provides, as a duty, that the clerk of the common pleas court, “at the expiration of thirty days from the entering of such judgment or order upon the journal of the court, if
 
 *125
 
 not otherwise directed, shall make a transcript, which together with the papers and pleadings filed in the case he shall transmit to the clerk of the Court of Appeals as in other cases of appeals.”
 

 It is argued that this statute imposes a mandatory duty upon the clerk, in all appealable cases, to prepare a transcript and file it with the pleadings and other papers in the Court of Appeals, unless directed not to do so. The language in that statute, in the absence of any other provision, would seem to warrant that procedure. That conclusion is further aided by the fact that until recent years a notice of an intention to appeal was required to be given. That law, requiring such notice, was later repealed. There is a general provision, however, found in Section 11209, which still requires a written notice, where the appellant is a party in a fiduciary capacity. That statute reads:
 

 “When an appellant from an order, judgment, or decree, in or by any state court or tribunal is a party in a fiduciary capacity in which he has given bond in Ohio for the faithful discharge of his duties, appeals in the interest of his trust, upon written notice to the court, within the time limited for giving bond, of intention to appeal, it shall be allowed without bond. ’ ’
 

 Inasmuch as no notice of intention to appeal was given by the ancillary administrator, and no action whatever taken by him in that court, it follows that the case was not in fact pending on appeal in the Court of Appeals. It was decided in
 
 Drake et al., Trustees,
 
 v.
 
 Tucker,
 
 83 Ohio St., 97, 93 N. E., 534, that where a case was appealed from the court of common pleas to the Circuit Court, which was not legally appealable, but in which no motion to dismiss
 
 *126
 
 the appeal was interposed and the case heard on appeal, without objection until after trial and the conclusion of the court announced, inasmuch as the court had jurisdiction of the subject-matter and of the parties the objection came too late.
 

 That case is essentially different from the instant case. In the instant case, there was no appeal. The parties submitted the case to the court as an error proceeding, and had no knowledge that the court was trying it
 
 de novo
 
 until the conclusion had been announced.
 

 It was the right of the defendant in error to have the judgment of the court upon the legal questions involved without incurring the risk of a final judgment in favor of the plaintiff in error. One of the legal questions which the Court of Appeals had the right to review was whether the judgment of the trial court was contrary to the weight of the evidence. This question was raised by one of the assignments of error, which alleged that the decision of the common pleas court was contrary to the weight of the evidence. The principles governing this feature of the case were recently decided in this court in
 
 Bridgeport Bank Co.
 
 v.
 
 Shadyside Coal Co.,
 
 121 Ohio St., 544, 170 N. E., 358, and need not be further discussed in this connection.
 

 The Court of Appeals erred in hearing the case as an appeal case and deciding it
 
 de novo,
 
 and its judgment will therefore be reversed, and the cause will be remanded to the Court of Appeals to hear and determine the error proceeding.
 

 Judgment reversed and cause remanded.
 

 Kinkade, Robinson, Day and Allen, JJ., concur.