Hast, J.
 

 Two questions are presented by the record in this case: (1) Were the affidavits of Dr. Schwarzell and Mr. McGuire properly admissible in evidence; and (2) was there sufficient evidence to establish a causal connection between the injury to decedent’s back and cancer of the liver which caused his death?
 

 The affidavits in question were offered before the Industrial Commission in support of a motion to open the rehearing for additional evidence in support of claimant’s application. They were not offered as a part of the rehearing record. If, upon offer in rehearing, evidence had been rejected by the commission, it would have been the duty of the claimant to proffer the evidence sought to be introduced and except to its rejection. This procedure not having been followed, the affidavits did not become a part of the record. The court and counsel recognized this to be necessary when a motion was made and sustained in the Common Pleas Court on appeal to have the transcript of the rehearing record sent back to the commission in order to have the affidavits added to the transcript.
 

 It is claimed that the case of
 
 Industrial Commission
 
 v.
 
 Kauffman,
 
 119 Ohio St., 494, 164 N. E., 510, is authority for the validity and effectiveness of the stipulation as to the affidavits in this case. In the case above named there was a stipulation that “the case be tried by the prior law which admits of oral evidence, and other evidence than the record itself.” However, a colloquy between counsel, therein quoted, seems to indicate that what was introduced was taken from the record before the commission but not incorporated in
 
 *86
 
 the official transcript. In the case at bar the stipulation was not to introduce in evidence something which was a part of the record before the commission and which had not been included in the official transcript, but to include in the rehearing record to be read to the jury affidavits which were no part of the transcript of testimony on rehearing.
 

 Section 1465-90, General Code (111 Ohio Laws, 227), among other things, provides as to the rehearing, that: “Such hearing shall be had and the evidence for and against the allowance of the claim submitted
 
 as in the trial of civil actions.
 
 The commission shall pass upon the admissibility of evidence, but either party may at the time make objection and take exception to the rulings of the commission thereon, and if the commission refuses to admit any'evidence, the party offering the same shall state the nature of such evidence and the matter which such party proposes to prove thereby, and such statement shall be made a part of the record of such rehearing.” It also provides that upon appeal the court and the jury, if a jury is demanded, “shall determine the right of the claimant to participate or to continue to participate in such fund
 
 upon the evidence contained in such record and no other evidence;
 
 but the court may exclude from evidence such portions of the transcript which are not competent, material or relevant evidence and to which objection was made or exception taken at such rehearing before the commission and
 
 may admit in evidence such competent, material or relevant evidence as was excluded by the commission at such rehearing,
 
 over the objection and exception of the party offering the same.” (Italics ours.)
 

 In view of the mandatory provisions of this statute, counsel had no authority to stipulate that the affidavits should be attached to the rehearing record and read to the jury. The evidence to be offered on the trial on
 
 *87
 
 appeal must first be heard and its competency passed upon by the commission. Until it is so offered and passed upon it cannot be made a part of the record and cannot be admitted by the trial court on appeal. The Common Pleas Court is not vested with jurisdiction to hear a case
 
 de novo
 
 on appeal from the Industrial Commission. The procedure, in this respect is similar to that on appeal, in civil actions on questions of law. In such cases, no evidence may be received or added to the record in the appellate court which was not offered and considered by the trial court from which the appeal was taken. The entire record must first have the consideration of the trial court or tribunal and be certified by it as the basis of its judgment.
 
 Curry
 
 v.
 
 Manfull, Admr.,
 
 123 Ohio St., 118, 126, 174 N. E., 248.
 

 There is another reason why the affidavits in question were not admissible. The use of affidavits as evidence is limited. Since in the formal trial of a cause, the adversary party has the right to cross-examine witnesses as to facts in issue to which they testify, affidavits are not admissible to prove such facts. These affidavits, on objection by counsel for the defendant, should have been excluded by the court.
 

 Conceding for the sake of argument that the affidavit of Dr. Sehwarzell was admissible as evidence, was there sufficient proof of a causal connection between the physical injury to claimant’s decedent and the cancer of the liver which caused his death? The only other medical testimony on this subject was that of the attending physician, Dr. Holzbach, who stated that he had “no opinion as to the cause of the cancer of the liver.”
 

 There was no lay testimony or evidence of other circumstances introduced tending to support the theory that the cancer of the liver had its origin in the injury to the decedent’s back while lifting a casting. Even if there had been such evidence, it would not have been
 
 *88
 
 sufficient to establish the fact of causal connection. This issue presented a field of scientific inquiry where expert medical testimony is required to furnish the answer. It could not possibly be within the knowledge of lay witnesses or members of the jury.
 
 Ohio & Indiana Torpedo Co.
 
 v.
 
 Fishburn,
 
 61 Ohio St., 608, 56 N. E., 457, 76 Am. St. Rep., 437; 17 Ohio Jurisprudence, 483, 485, 487, 489, Sections 388, 389, 391, 393;
 
 Davis
 
 v.
 
 State,
 
 38 Md., 15;
 
 Tullis
 
 v.
 
 Rankin,
 
 6 N. D., 44, 35 A. L. R., 449;
 
 Castanie
 
 v.
 
 United Rys. Co.,
 
 249 Mo., 192, 155 S. W., 38, L. R. A. 1915A, 1056, annotation and cases cited.
 

 The medical testimony, even if the affidavit of Dr. Schwarzell had been admitted, was insufficient to prove causal connection between the injury and the cancer which caused death. The testimony must establish a probability, not a mere possibility, of such causal connection. The testimony to the effect that the injury
 
 could have
 
 resulted in the malignancy does not meet that test.
 

 The case of
 
 Drew
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 499, 26 N. E. (2d), 793, involving the inquiry as to whether an injury from a fall produced partial paralysis of the'body, is authority for this proposition. Judge Williams, speaking for this court, said: “Some of the expert medical witnesses testified that the paralysis
 
 could
 
 come from a fall causing a lesion or broken blood vessel in the brain; but there was medical testimony to the contrary. Of course evidence that the paralysis
 
 could
 
 be caused by injury sustained in the fall consisted wholly of the opinions of physicians. Standing alone such evidence would be insufficient to prove a traumatic origin of the paralysis. Proof of possibility is not sufficient to establish a fact; probability is necessary.” See, also,
 
 Kuhn
 
 v.
 
 Banker,
 
 133 Ohio St., 304, 312, 13 N. E. (2d), 242.
 

 
 *89
 
 The judgment is reversed and final judgment rendered for the defendant.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Williams and Matthias, JJ., concur.