Bell, J.
 

 The sole question presented may be stated as follows: Was it absolutely essential for plaintiff to produce expert medical testimony to prove proximate causal relationship between the injury received and the result claimed in order to warrant submission of his case to the jury?
 

 In approaching the solution of that question we must keep in mind that the Workmen’s Compensation Law is to be construed liberally in favor of the injured workman and further that the question of proximate causal relationship between an injury and the claimed result is ordinarily a question of fact for the jury.
 

 Our attention has been directed to the
 
 Drew, Drakulich, Pfister
 
 and
 
 Aiken cases, infra,
 
 as .being dispositive of the question here presented. Each of those cases must be read in the light of the facts of the particular case in which the pronouncement was made.
 

 
 *26
 
 Before proceeding to a consideration of those cases it should be observed that in certain types of industrial injury cases the testimony of lay witnesses is without probative value to establish
 
 probability of a proximate causal relationship between the injury and the result claimed and in order to prove such relationship medical testimony is absolutely essential.
 
 In other types of industrial injury cases the testimony of lay witnesses does have probative value in establishing probability of such proximate causal relationship, and medical testimony is not absolutely essential.
 

 . In
 
 Brew
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 499, 26 N. E. (2d), 793, the court was dealing with the question of whether proof of possibility of proximate causal relationship between the injury and the claimed result was sufficient to sustain a verdict in favor of the injured workman.
 

 Judge Williams, in pronouncing the conclusions of this court, said:
 

 “On trial of an action brought under the Workmen’s Compensation Law to determine the right of plaintiff to participate in the state insurance fund, in which action it is undisputed that the plaintiff fell accidentally in the course of his employment and that he suffered paralysis after his fall, evidence which shows only that the paralysis
 
 could
 
 have been the direct result of injury sustained in the fall is insufficient proof to warrant submission of the cause to the jury; but where there is evidence that the injury so sustained was the direct cause of the paralysis, and all the evidence when considered together warrants an inference of direct causation in the minds of reasonable persons, then the issue is one for determination by the jury.”
 

 In
 
 Drakulich
 
 v.
 
 Industrial Commission,
 
 137 Ohio St., 82, 27 N. E. (2d), 932, these facts were presented by the record: In June 1932, Nick Drakulich in the course
 
 *27
 
 of his employment received an injury to Ms back while lifting a heavy casting. The following day a medical examination disclosed a sprain of ligaments, tendons and muscles of his back and a double hernia. X-ray photographs taken in July following the injury revealed that two vertebrae were broken loose on the right side. He was treated by a physician following his injury and on June 8, 1933, one year after such injury, his physician discovered a condition indicative of cancer of the liver. On August 8, 1933, he died. His widow made application for a death award, claiming that the death from cancer of the liver was caused by the back injury. The application was denied and upon appeal to the Court of Common Pleas judgment was entered in her favor. The Court of Appeals affirmed that judgment. Upon review this court decided that the issue of proximate causal relationship between such injury and death from cancer of the liver must be established by medical testimony.
 

 In paragraph two of the syllabus, the court said :
 

 “Since the issue of causal connection between an injury to a person’s back and his subsequent death from cancer of the liver involves a scientific inquiry, .such causal connection must be established by the testimony of medical witnesses competent to testify on this subject.”
 

 In the ease of
 
 Pfister
 
 v.
 
 Industrial Commission,
 
 139 Ohio St., 399, 40 N. E. (2d), 671, in a
 
 per curiam
 
 opinion the court said:
 

 “There is no evidence
 
 ivhatever
 
 of an injury accidental in origin and cause or of a sudden and unexpected happening at a particular time.”
 

 We do not think that the
 
 Drew
 
 or
 
 Pfister cases, supra,
 
 are applicable to the question here presented.
 

 In
 
 Aiken
 
 v.
 
 Industrial Commission,
 
 143 Ohio St., 113, 53 N. E. (2d), 1018, the facts briefly stated were
 
 *28
 
 as follows: In March 1932, Harry Aiken sustained an injury to’his left knee in the course of and arising out of his employment. He applied for and received compensation from the workmen’s compensation fund. In. 1933 he became an inmate in the Toledo State Hospital for the mentally ill. In March of 1938 while still in the hospital he developed a cold, and X-ray pictures then taken disclosed no abnormal heart condition. In June 1938, he was stricken with acute myocarditis and died the following day. His widow filed application with the Industrial Commission for an award of death benefit. The claim was disallowed by the commission. Upon appeal the Court of Common Pleas entered judgment in her favor. In reviewing the judgment of the Court of Appeals affirming that judgment, this court in the syllabus, by Judge Zimmerman, said:
 

 “To entitle the dependents of a deceased workman to participate in the state insurance fund upon a claim that the death of such workman from acute myocarditis was attributable to a compensable knee injury suffered six years before, the proof offered must show such injury was a proximate cause of death, and must include evidence by competent medical witnesses that a probable relationship existed between the original accident and the myocarditis.”
 

 In none of those decisions was anything said which would lead to the conclusion that in every industrial injury case the claimant must produce medical testimony upon the subject of proximate causal relationship between the injury received and the result claimed. The
 
 Drakulich
 
 and
 
 Aiken cases, supra,
 
 clearly point out that in certain types of industrial injury cases, the testimony of lay witnesses is without probative value upon the question of proximate causal relationship and that in such cases medical testimony is absolutely essential to establish such relationship.
 

 
 *29
 
 We are still committed to those pronouncements but it would seem to follow naturally and logically from what was said in the two last-mentioned cases that medical testimony is not absolutely essential in every industrial injury case.
 

 Let us assume that a workman receives an injury and as a result thereof amputation of his fingers, or hand, or an arm, or a foot, or a leg becomes necessary — it would seem perfectly obvious that medical testimony is not absolutely essential in such cases to establish proximate causal relationship between the injury received and the result claimed. Let us further assume that a workman receives an injury to his eye or his ear and that as a result his vision or hearing is affected. We think that such injured person is competent to testify as to the condition of his vision or hearing both before and after srrch injury, and that such testimony does have some probative value upon the question of proximate causal relationship. While, of course, medical testimony upon that subject might be more satisfactory, the testimony of such injured person is evidence of some probative value to be submitted to and considered by the jury.
 

 It is a matter of common knowledge that any liquid heated to 880 degrees Fahrenheit and coming into contact with any part of the human anatomy probably would cause injury. This is especially true when such liquid comes in contact with the delicate membrane of the eye.
 

 It is admitted in the instant case that appellee’s right eye was injured on March 3, 1942, and that his vision on August 7, 1942, was impaired to the extent of 80%. The question at issue was whether that injury to the eye caused the impairment of vision.
 

 We have concluded that the plaintiff was competent to testify as to the condition of his vision in that eye
 
 *30
 
 both before and after the injury. That being true the jury had before it evidence of the following undisputed facts: Plaintiff, on March 3, 1942, did receive an injury to his right eye. On August 7, 1942, the vision in his right eye was impaired by some cause to the extent of 80%. Further, the jury had the testimony of the plaintiff that 20 to 25% defective vision in his right eye before the injury had been accelerated thereby to a condition where he had no usable vision thereafter. Upon behalf of defendant there was the . testimony of a doctor that in his opinion there was no proximate causal relationship between the injury and the admitted loss of 80% of vision.
 

 That factual situation presented a question for determination by the jury.
 

 It cannot be said as a matter of law that the plaintiff failed to produce evidence of probative value on the subject of proximate causal relationship between the injury received and the result claimed. Therefore, the trial court properly submitted that issue to the jury.
 

 The trial court concluded that the verdict of the jury was not manifestly against the weight of the evidence and entered judgment thereon.
 

 The Court of Appeals also concluded that the verdict of the jury was not manifestly against the weight of the evidence and affirmed the judgment.
 

 We are of opinion that the judgment of the Court of Appeals was correct and should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Turner and Hart, JJ., concur.