Stewart, J.
Two questions are presented to us in this case, the first, whether there was any substantial probative evidence that the condition of plaintiff’s eyes resulted from an accident suffered while plaintiff was in the course of his employment with defendant and arising out of such employment, which justified the denial of defendant’s request for a judgment in its favor, and, second, whether there was error committed by the trial court in sustaining objections to ■certain questions asked by defendant’s counsel upon cross-examination of Doctor Hart.
In view of the conclusion at which we have arrived in reference to the first question, we do not reach a consideration of the second one.
Under the decisions of this court, where an issue in a case involves a question of scientific inquiry which is not within the knowledge of lay witnesses or members of the jury, expert testimony is required to furnish the answers, and, if the issue relates to a causal connection between an injury and a subsequent physical condition which involves only a scientific inquiry, such causal connection must bo established by the testimony of medical witnesses competent to testify on the subject, and the proof in such case must establish a probability and not a mere possibility of such causal connection. Drakulich v. Industrial Commission, 137 Ohio St., 82, 27 N. E. (2d), 932; Aiken v. Industrial Commission, 143 Ohio St., 113, 53 N. E. (2d), 1018.
The syllabus in the Ailcen case reads:
“To entitle the dependents of a deceased workman to participate in the state insurance fund upon a claim that the death of such workman from acute myo *211 carditis was attributable to a compensable knee injury suffered six years before, the proof offered must show such injury was a proximate cause of death and must include evidence by competent medical witnesses that a probable relationship existed between the original accident and the myocarditis.” See, also, Brandt, v. Mansfield Rapid Transit, Inc., 153 Ohio St. 429, 91 N. E. (2d), 1.
It follows that if the condition of plaintiff’s eyes was such as to present only a scientific or medical problem as to the cause of that condition, plaintiff did not present evidence which entitled him to go to the jury in the trial of his case below.
Defendant’s medical witness testified that in his opinion there was no traumatic cause of plaintiff’s eye condition. Plaintiff’s wife testified that Doctor Eolf of Cleveland had found cataracts in plaintiff’s eyes and advised rest for a year before further treatment, but there was no expression from Eolf as to the cause of the cataracts. Plaintiff’s only medical expert, in answer to a hypothetical question embodying all the evidence favorable to plaintiff, and as a result of the expert’s own examination, testified that the accident which plaintiff claimed had caused his eye condition would have had only a remotely possible connection therewith.
There was no medical evidence which tended to establish any direct or proximate causal connection between any accident which plaintiff claimed happened and the condition of his eye for which he was claiming compensation.
However, plaintiff claims that his injury was such that lay witnesses, to wit, plaintiff and his wife, by their testimony produced evidence sufficient to submit to the jury the question whether the bilateral cataracts from which plaintiff was suffering resulted *212 from the particle which plaintiff claimed blew into his eye.
Plaintiff, to substantiate his claim, relies upon the case of Bowling v. Industrial Commission, 145 Ohio St., 23, 60 N. E. (2d), 479. In that case it appeared that one Bowling sustained an injury in the course of and arising out of his employment when hot flux of 880 degrees Fahrenheit splashed into his right eye. He applied for and received workmen’s compensation on a temporary basis, returned to work, and later filed an application for further compensation. It appeared that before his accident he had had some impairment of vision in his right eye, estimated to be 20 to 25 per cent, and that his vision had declined to an 80 per cent loss.
In the opinion in the Botvling case it is stated that, although the court was still committed to the pronouncements in the Drakulich and Aiken cases, in neither of those decisions was anything said that would lead to the conclusion that in every industrial injury case the claimant must produce medical testimony upon the subject of proximate causal relationship between the injury received and the result claimed.
The opinion states further that if a workman receives an injury resulting in amputation of his fingers, hand, arm, foot or leg, it would seem perfectly obvious that medical testimony is not absolutely essential to establish the proximate causal relationship between the injury and the result.
This court in that case came to the conclusion that, since it is a matter of common knowledge that any liquid heated to 880 degrees Fahrenheit and coming into contact with any part of the human anatomy, especially with the delicate membrane of the eye, would cause injury, the injury to Bowling’s eye and the resultant loss of vision was within the class of cases where lay testimony does have some probative value *213 in establishing the probability of proximate causal relationship and is sufficient to send the case to the jury.
However, the situation in the present case presents a quite different problem.
Plaintiff claims that some particle blew into his right eye. Thereafter both his eyes developed bilateral cataracts which even his own medical expert described as probably of the senile type.
No medical testimony tended to establish any probability of causal relationship between anything that entered plaintiff’s eye and the cataracts from which he now suffers, and it seems fantastic to say that the cause of those cataracts was a question which did not present a field of scientific inquiry where expert medical testimony is required to furnish the answers.
The only evidence in the case which is claimed to have entitled plaintiff to have his claim submitted to the jury was that of plaintiff and his wife to the effect that one of his eyes became continually worse after a particle was alleged to have blown into it.
There are two types of industrial injury cases, one in which the testimony of lay witnesses does have probative value in establishing the probability of proximate causal relationship between accident and re-resulting injury, and the other where the testimony of lay witnesses is without probative value to establish a proximate causal relationship between the injury and the result claimed and where medical testimony is absolutely essential to prove such relationship. Each case must be decided upon its own facts in reference to this question.
We are of the opinion that whereas the Bowling case, supra, came within the first type of cases, the present one comes within the other type. Since the most favorable evidence in support of plaintiff’s claim *214 was that there was a remotely possible causal relationship between the accident he claimed happened and the bilateral cataracts from which he is now suffering, no evidence of probative value has been produced to entitle the jury to pass upon plaintiff’s claim, and, therefore, the trial court should have directed a verdict in defendant’s favor.
The judgment of the Court of Appeals is reversed and final judgment is entered for appellant.

Judgment reversed.

Weygandt, C. J., Zimmerman, Middleton, Taft, Matthias and Hart, JJ., concur.