ROBERTS, APPELLANT, *v.* THE CINCINNATI GAS &
ELECTRIC CO., APPELLEE.  (Two cases.)

(Nos. 7871 and 7872—Decided May 24, 1954.)

*Mr. William Isaacs,* for appellant.

*Messrs. Peck, Shaffer & Williams, Mr. C. S. Weakley, Mr. Richard H. Rhein* and *Mr. Arthur J. Daly,* for appellee.

*Per Curiam.*  These cases are appeals from the Industrial Commission which denied a claim for compensation because of the death of George Roberts, resulting from alleged injuries sustained by him in the course of and arising out of his employment by the defendant, a self-insurer at the time.

At the close of the plaintiff's evidence, the defendant moved for an instructed verdict, which motion was sustained, and, thereafter, judgment was entered on the verdict.  The sustaining of the motion for an instructed verdict is the first error assigned in these appeals.

At the hearing before the Industrial Commission, no such motion, or motion challenging the sufficiency of the plaintiff's evidence, was made when she rested.  It is asserted here that such omission precluded the making of any such motion at the trial on appeal.  We cannot agree with this contention.  The plaintiff had available for her purposes all the evidence contained in the record, as certified to the Common Pleas Court by the Industrial Commission, whether it had been introduced by her or by the defendant.  She could have introduced it all before resting.

The procedure before the Industrial Commission in no manner sets the pattern for the trial in the Common Pleas Court. Section 1465-90, General Code (Section 4123.51, Revised Code), limits the evidence at the trial in the Common Pleas Court to that in the certified record, but does not prescribe the details of the trial procedure. Indeed, in Section 1465-90, in declaring the right to appeal, the method of appeal is described as the same as "in the ordinary civil cases."

That the parties can bind themselves by stipulations made in the Common Pleas Court which were not made before the Industrial Commission was decided in *Industrial Commission* v. *Kauffman,* 119 Ohio St., 494, 164 N. E., 510.

Verdicts have been instructed in cases of this kind many times.

We think it is safe to say that, except to the extent modified by the express terms of Section 1465-90, the entire Code of Civil Procedure applies to the trial of Industrial Commission cases.

Next, it is urged that, even assuming that the defendant had the right to move for an instructed verdict at the close of the plaintiff's evidence, the court erred in sustaining such motion. We have examined the evidence in the light of this claim and are of the opinion that the court did not err.

We are of the opinion that there is no substantial evidence that the employee's death was caused or accelerated by an injury received in the course of and arising out of his employment and that such injury had a direct causal relation to his death. *McNees* v. *Cincinnati Street Ry. Co.,* 152 Ohio St., 269, 89 N. E. (2d), 138.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.