KOLEFF, APPELLANT, *v.* UNITED STATES STEEL CORP.,
NATIONAL TUBE DIVISION, APPELLEE.

(No. 1348—Decided May 23, 1956.)

*Messrs. Levin & Levin,* for appellant.
*Messrs. Squire, Sanders & Dempsey* and *Messrs. Fauver & Fauver,* for appellee.

DOYLE, J.   This is an appeal from a judgment of the Common Pleas Court of Lorain County, rendered for the defendant upon its motion for a directed verdict at the close of the plaintiff's evidence in a workmen's compensation case.

After a denial of the plaintiff's claimed right to an award by the commission, the plaintiff filed the present action in the Common Pleas Court for a determination of the question.

The petition alleged:

That on November 2, 1950, the plaintiff was regularly employed by the defendant (The United States Steel Corp., a self-insurer) as a furnace car man at the coal docks. That on that day during the performance of his duties and in the course of his employment, plaintiff received an accidental injury as hereinafter set forth. That at that time plaintiff was recuperating from an operation for the removal of a cataract from his left eye. That on said date, the weather was cold and windy, and plaintiff was working in a valley between two iron ore piles. That in the course of his work, dust did blow into his eye, and his eye did become affected by the strong cold wind which was blowing, as a result of which his eye became watery, inflamed and swollen. That thereafter, and as a result of said injury to his eye received on November 2, 1950, plaintiff's left eye became infected and was removed.

If we assume from the evidence, which was indeed meager, that iron ore dust did blow into the plaintiff's eye on the day stated, we find no evidence to establish a causal relationship between the mishap and the disability resulting in the loss of the eye. An affirmative finding on this vital question could only be based on guess and speculation.

The evidence of injury to plaintiff's eye, claimed to have resulted in its eventual loss, was such as to present only a scientific or medical problem, and lodged this case squarely within the second type of case mentioned by the Supreme Court in *Stacey* v. *Carnegie-Illinois Steel Corp.*, 156 Ohio St., 205, at p. 213, 101 N. E. (2d), 897. The court there said:

"There are two types of industrial injury cases, one in which the testimony of lay witnesses does have probative value in establishing the probability of proximate causal relationship between accident and resulting injury, and the other where the testimony of lay witnesses is without probative value to establish a proximate causal relationship between the injury and the result claimed and where medical testimony is absolutely essential to prove such relationship. Each case must be decided upon its own facts in reference to this question."

It is the conclusion of this court that the lay testimony fell far short of establishing a causal relationship between the

claimed injury and the damage for which compensation was sought.

*Judgment affirmed.*

STEVENS, P. J., and HUNSICKER, J., concur.