CARPENTER, APPELLANT, *v.* SCANLON, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.*

(No. 2418—Decided May 21, 1957.)

---

*Judgment affirmed, 168 Ohio St., 139.

*Mr. Merrill D. Brothers,* for appellant.

*Mr. William Saxbe,* attorney general, and *Mr. John R. Barrett,* for appellee Administrator of Workmen's Compensation.

*Messrs. Cowden, Pfarrer, Crew & Becker,* for appellee General Motors Corporation.

*Per Curiam.* This cause is submitted on motion of appellant for an order joining the Administrator of the Bureau of Workmen's Compensation as a party appellant in this matter. Appellant cites Section 4123.519, Revised Code, for authority.

The administrator has been designated as a party *appellee* with the appellee the General Motors Corporation, as required by Section 4123.519, Revised Code. We fail to find any provision in this section, or elsewhere, which would support an order requiring the administrator to be made a party *appellant.*

*Motion overruled.*

HORNBECK, P. J., WISEMAN and CRAWFORD, JJ., concur.

(Decided October 4, 1957.)

ON THE MERITS.

WISEMAN, J. This is an appeal on questions of law from an order of the Common Pleas Court of Montgomery County dismissing the appeal on the ground that appellant had no statutory right of appeal from an order of the Industrial Commission of Ohio.

Appellant assigns as error the action of the trial court in dismissing the petition of the appellant on the ground that the order to the effect that appellant's arthritic involvement was not due to the injury was not an appealable order under Section 4123.519, Revised Code.

The claim was filed on January 30, 1954, and on April 1, 1954, claimant filed an application for determination of percentage of permanent partial disability and was examined by medical experts selected by the commission. Evidence of arthritis appeared. On November 1, 1954, claimant filed a motion

requesting the commission to determine whether "his arthritis is due to injury."

The Administrator of the Bureau of Workmen's Compensation, on February 15, 1956, denied that part of the claim based on the arthritic condition. The order was sustained on appeal by the Regional Board of Review and the commission. Claimant then filed his petition in the Common Pleas Court of Montgomery County, to which a motion to dismiss was filed which was treated as a demurrer and sustained. The petition of claimant was dismissed and from the latter order this appeal was taken.

The order of the administrator is as follows:

"That the claimant's application for adjustment of claim, filed January 30, 1954, be allowed to the extent that the claim be allowed for the injury of June 5, 1953, resulting in the abrasions to the right knee and fourth and third fingers, distal joint surface and left forearm; but the administrator finds that as a result of said injury the claimant did not lose more than seven days from work and did not require medical services, except first aid treatment furnished by the employer.

"The administrator further finds from proof of record that the claimant's generalized arthritic involvement is not related to or the result of the injury in this claim, and, therefore, payment of compensation or for medical services for the treatment of said condition are not authorized. That the claimant's Motion filed November 1, 1954, be granted to the extent of this order."

The appeal was taken in pursuance to the provision of Section 4123.519, Revised Code, which became effective October 5, 1955, which in part provides:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, *other than a decision as to the extent of disability,* to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state." (Emphasis ours.)

Although the claim was pending before the administrator when the amendment to Section 4123.519, Revised Code, became effective, the section as amended controls by reason of an

express provision of the amending act. See tenth paragraph of Section 4123.519, Revised Code.

The sole question for consideration is whether the order dated February 15, 1956, is an appealable order. Under the provisions of Section 4123.519, Revised Code, an appeal may be taken from any decision of the Industrial Commission "other than a decision as to the extent of disability." The narrow question presented is: Was the order a decision as to the extent of disability?

The appellee, General Motors Corporation, in its brief has stated its position as follows:

"If it be assumed, as it must be, that the words 'related' and 'result' were used in their common and accepted sense and further that the administrator and the commission know the meaning of words and the rules of grammar, then it must be concluded that it was held that claimant's generalized arthritic condition was not 'connected with' and did not 'arise as a consequence or effect' of his alleged injury.

"These conclusions could have been reached only as a result of a determination of the 'extent of disability' suffered by claimant, as the result of the injury."

The appellant in his brief has stated his contention as follows:

"The administrator, in his order of February 15, 1956, which was affirmed in all appellate procedure subsequent thereto, finds from the proof of record that the appellant's generalized arthritic involvement is not related to or the result of the injury.

"Under these circumstances, there is no authority for the administrator or the Industrial Commission to inquire into the extent and degree of disability for the simple reason that there is a denial that this condition resulted from the injury.

"Such an order falls squarely within the provisions of Section 4123.519 of the Revised Code which permits an appeal from a decision of the Industrial Commission of Ohio in any injury case other than a decision as to the extent and degree of disability.

"If the interpretation of the order regarding the generalized arthritic involvement was any other way, then an injured

workman whose claim had been allowed in part, but disallowed as to other physical conditions claimed to be due to the same injury would be barred from any appeal."

The question presented is new and arises by reason of the recent amendment to Section 4123.519, Revised Code. We find no reported decision on this precise question. Counsel in their briefs have ably advanced their reasons for their conclusions. The position of appellant is more acceptable, otherwise the claimant would be denied an appeal in those cases where the claim had been allowed in part but disallowed as to a certain physical condition of the claimant claimed to be due to the same injury. Specifically, we hold that the order of the administrator with respect to the arthritic involvement was not a decision as "to the extent of disability," but rather an absolute denial of the claim. The claimant had requested the commission to determine expressly whether his arthritis was due to the injury. The administrator expressly found that the arthritic condition of the claimant was not a disability resulting from the injury.

The provisions of the Workmen's Compensation Act are to be construed liberally in favor of an injured workman seeking benefits thereunder. *Bowling* v. *Industrial Commission,* 145 Ohio St., 23, 60 N. E. (2d), 479.

We realize that our position in this matter is not free from doubt. We hope that the Supreme Court will be given an opportunity to determine this question.

The demurrer should have been overruled. The judgment is reversed and cause remanded for further proceedings according to law.

*Judgment reversed.*

HORNBECK, P. J., and CRAWFORD, J., concur.