**TATE, Appellee, v. YOUNG, Admr. et., Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24840.   Decided October 28, 1959.

Fleck & Fleck, for appellee.

Mark McElroy, Atty. Genl., William G. Carpenter, Owen J. McCafferty, for appellant.

## OPINION

By DOYLE, PJ.

This is an appeal from a judgment of the Court of Common Pleas of Cuyahoga County, which gave the litigant, Henry Tate, the right to further participate in the workmen's compensation fund "for permanent loss of sight of one eye," as found by a jury which heard the cause.

The appellant, administrator of the Bureau of Workmen's Compensation (The Industrial Commission of Ohio, etc.) urges the following errors, which are asserted to be prejudicial in character:

"1. The trial court erred in overruling defendant's motion for a directed verdict and in overruling defendant's motion for judgment non obstante veredicto.

"2. The trial court erred in its charge to the jury and erred in overruling defendant's motion for a new trial.

"3. The judgment of the Court of Common Pleas is manifestly against the weight of the evidence and is contrary to law."

The established facts are that Henry Tate was injured in the course of his employment with the Builders Structural Steel Corp. in the year 1951, as the result of a small piece of steel penetrating his right eye, leaving a dense corneal scar "located at the limbus at eight o'clock and extending about two mm. onto the cornea." He was awarded compensation for this injury, including necessary medical treatment. At a later time he sought further compensation for disability in his right eye, claiming that the injury had impaired his vision.

On May 8, 1956, the Industrial Commission entered the following decision:

"Claimant filed on January 27, 1956, a motion requesting that he be examined by an eye specialist to determine his loss of vision. This motion is hereby granted and the examination of April 2, 1956, approved.

"The administrator finds from the medical proof on file, that claimant's alleged visual loss is not the result of his injury to his right eye (February 20, 1951); that in view of this fact there is no basis for an approval of an award for permanent partial disability in his right eye."

From this finding of the administrator, the claimant, Tate, perfected appeals to the Regional Board of Review and the Industrial Commission of Ohio. Each of these bodies affirmed the findings of the administrator.

The next appeal, to the Common Pleas Court, resulted in the verdict and judgment in favor of the claimant, as heretofore noted. To the soundness of this judgment we now direct our attention.

The sole witness in the trial was the claimant.

He testified: that on February 20, 1951, he was "cutting a piece of steel * * *, and a piece of steel broke off and struck me in the eye"; that he was taken to a doctor, who extracted from his eye a particle of the metal, "about as big as a pin head"; that a patch was placed over his eye, and upon its removal "about eight days later" the eye "was o. k. for about six or seven weeks after"; that he then "couldn't see so good," and thereupon went to a doctor, who fitted him to glasses; and that he has worn glasses since the first fitting in 1952.

The claimant further testified, in response to a question asking him to "describe the present condition as far as the vision in your right eye is concerned," that "every time I bat my right eye, it seems like I've got some grit in there, some grit of some kind in them."

The record from this point shows the following:

"Q. Mr. Tate, will you tell the jury what it is like when you look out of your right eye?

"A. I go to read my paper, and I can put my hand on this eye (covering the right eye) and I can see. * * * Sometime, I put this hand (covering the left eye) and I can't see nothing."

In passing upon the first claims of error, based upon the court's refusal to direct a verdict for the defendant and to enter a judgment for the defendant notwithstanding the verdict, we must determine whether the testimony shown above is sufficiently substantial and probative to show that the condition of the claimant's eye indicated at least a 25% loss of vision as the result of the accident suffered in 1951 in the course of his employment and arising out of it.

We know that the claimant suffered some years ago an injury to his right eye, and that later he wore glasses for the first time in his life, and still later that, when he closed his eyes he experienced a sensation of having grit in them, and yet later that, "sometimes," when he closed his left eye, he could not see "nothing" out of his right eye.

It appears to this court that, if the present condition of the claimant's eye is as he says it is (and we must assume that it is), his testimony falls far short of proving that he has suffered at least a 25% impairment of his vision as a result of the industrial accident. (Sec. 4123.57 (C) R. C.: "* * * in no case shall an award of compensation be made for less than twenty-five per cent loss of vision. * * *") The present condition of his eyes or eye, whatever it may be, presents a scientific or medical problem as to the source and extent of the condition, and a jury of laymen cannot be permitted to guess or speculate on issues which require judicial proof. There is no such proof here.

Cases of this nature have vexed judicial tribunals for years, with an uncounted variety and frequency of litigation and speculation. Judicial opinion in this state supports a judgment against a claimant when based upon facts as scanty as appears in this record.

The case of Stacey v. Carnegie-Illinois Steel Corp., 156 Oh St 205, as well as Koleff v. U. S. Steel Corp., 105 Oh Ap 395, would support a reversal of the judgment here under review. Bowling v. Industrial Commission, 145 Oh St 23, presents no conflict, and is easily distinguished by the facts.

The testimony of this lay witness alone, is not sufficient to establish a 25% or more impairment of vision as a result of the accident to the claimant's eye in 1951, and as a result thereof the judgment must not stand.

In view of our conclusion that the judgment must be reversed and final judgment entered for the appellant, we find it unnecessary to pass upon the remaining claims of error.

Reversed and final judgment for appellant.

HUNSICKER and GRIFFITH, JJ, concur.