490

ULICNY, Plaintiff-Appellee, v. YOUNGSTOWN SHEET & TUBE COMPANY, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 4087.   Decided April 12, 1960.

*Mr. Marvin Traxler*, for plaintiff-appellee.
*Messrs. Manchester, Bennett, Powers & Ullman*, for defendant-appellant.

For further history see *Omnibus Index* in bound volume.

PHILLIPS, J.   On December 12, 1953, plaintiff, an employee of defendant, received an injury to his left foot and leg. Defendant recognized the injury as compensable and plaintiff was furnished medical care and was paid compensation. On November 8, 1955, plaintiff filed a claim with the Industrial Commission alleging he had received an injury to his back at the same time he received the injury to his foot and leg. The Industrial Commission denied the claim and plaintiff appealed to the common pleas court where the cause was heard by the court without a jury. At the end of plaintiff's case in the trial court defendant's motion for judgment was overruled and defendant rested its case, and the court rendered judgment for

plaintiff. Defendant then appealed to this court on questions of law.

Defendant contends plaintiff was regularly seen by Dr. Kennedy at the company hospital for many months after being discharged from the hospital, and during all that period did not complain of any back injury. Defendant further contends it was not until November of 1955 that Dr. Kennedy or the company had any notice of this condition.

Also defendant contends the hospital record indicates that "Plaintiff's Exhibit A-1" shows that under "past history" plaintiff had suffered a "sacroiliac strain in 1946 while in the Army"; and that there was no medical testimony offered by plaintiff to support his claim that he received an injury to his back or that he is suffering any disability in his back due to an injury.

Defendant claims it was entitled to judgment at the hands of the court at the completion of the testimony on the ground that plaintiff had not proved that he received an injury to his back in December of 1953.

Defendant argues:—

"This case, even though brought under the Workmen's Compensation Law stands in no different position than any other law suit. The plaintiff has the burden of proof and has the burden of going forth with the evidence. This he has failed to do. The defendant company can't even know what physical condition the plaintiff is complaining of, whether it be strain or arthritis or some other condition; and whatever the physical condition is, the plaintiff was obliged to produce medical evidence to relate it to his fall in December, 1953."

Defendant claims that in view of the cases of *Fox* v. *Industrial Commission*, 162 Ohio St., 569, and *Stacey* v. *The Carnegie-Illinois Steel Corp.*, 156 Ohio St., 205, the judgment of the court of common pleas should be set aside and final judgment entered for defendant.

Plaintiff relies heavily upon the cases of: *Bagnoli* v. *Youngstown Sheet & Tube Company*, Mahoning County Common Pleas Court, case number 143965; *Bowling* v. *Industrial Commission*, 145 Ohio St., 23; *Davidson* v. *Industrial Commission*, 52 Ohio Law Abs., 194; *Pierron* v. *Prudential Life Insurance Company*

*of America,* 31 Ohio Law Abs., 667; *Bethlehem Steel Co.* v. *Ziengenfuss,* 49 Atl. (2nd), 793; *Atlantic Steel Co.* v. *McLarety,* 39 S. E. (2nd), 733; and Horovitz's Current Trends in Workmen's Compensation.

Plaintiff contends the question presented is whether there was enough evidence to show plaintiff received an injury as set forth in the amended application to entitle him to participate in the Workmen's Compensation Fund.

As said in the case of *Stacey* v. *The Carnegie-Illinois Steel Corp.,* 156 Ohio St., 205 at page 213, "since the most favorable evidence in support of plaintiff's claim was that there was a remotely possible causal relationship between the accident" to his left foot and leg and his back injury "no evidence of probative value has been produced to entitle" defendant to final judgment, and we must, therefore, affirm the judgment of the court of common pleas.

GRIFFITH, P. J., and DONAHUE, J., concur in judgment.