## SCOTT, Plaintiff-Appellant v. SPAULDING, Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 1789.   Decided January 13, 1944.

Marshall, Harlan & Marshall, Dayton, for plaintiff-appellant.

Harshman & Young, Dayton, for defendant-appellee.

### OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court in favor of the defendant dismissing

plaintiff's petition entered on the verdict of a jury.

But one error is urged in the brief of appellant, namely, the giving before argument of defendant's special charge No. 3 as follows:

"The court charges you that the defendant, Eugene Spaulding, as he operated his automobile from Patterson Boulevard into and upon Route 25 had a right to assume, in the absence of knowledge to the contrary, that all north-bound vehicles on Route 25, including the automobile operated by Elmer Vorhees, would keep to the east of the center line on Route 25."

It is claimed that the quoted charge is incomplete in that it failed to include the qualification that the defendant's driver must have been proceeding "in a lawful manner". In other words, that the instruction giving express application to the terms of §6310-17 GC is incomplete and incorrect unless it also incorporates that part of §6310-28 GC defining right of way, which we emphasize, viz:

"Right of way means the right of a vehicle to proceed uninterruptedly **in a lawful manner** in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path."

The facts in this case which occasioned the giving of the charge are, that the car in which plaintiff was riding being driven in a northerly direction on Route 25, and proceeding into Patterson Boulevard which is a continuation of said route veering to the northwest at or about the place where the collision occurred, came into collision with an automobile driven by defendant moving in a southerly direction on Patterson Boulevard upon Route 25 at the place where Route 25 veers sharply to the northwest. It is intersected from the west by Schantz Avenue which comes into but does not cross Route 25. The collision occurred at some point south of the south line of Schantz Avenue projected into Route 25 and as the driver of neither of the cars was coming from or going on to Schantz Avenue.

It is urged by defendant, first, that the collision occurred at an intersection and, secondly, if not, the qualification insisted upon was essential to the correctness of the charge.

It is our judgment that the instruction as given to the jury was correct and complete because it embodied the terms of the statute §6310-17 GC, which carries no qualification as to the obligation upon the driver upon whom the course of conduct is enjoined. This statute sets forth a mandatory obligation upon all motorists to drive to the right side of the center or center line of the road or highway, with the exceptions provided in the code, no one of which has application to the situation here presented and any driver of an automobile on the highway, whether then in the exercise of due care or not, may assume that others driving on the highway will observe the terms of the statute.

The question of the neglect of the defendant was projected into the record by testimony which the court recognized and the jury was fully and carefully instructed as to the care enjoined upon the defendant under the statute and the common law. Whether or not defendant was chargeable with negligence which contributed to cause the collision and plaintiff's injuries was submitted as a factual question.

Considering specifically the questions urged by appellant. The place where the accident occurred is not an intersection. If the accident had occurred between drivers one of whom was on Schantz Avenue and the other on Route 25, and as their paths merged, then the law as to respective obligations at an intersection should be given application. These are not the facts in this case. Appellee insists and we think properly, that the right of way under the statute was not applicable here because, in no view of the facts, could it be said that the defendant was approaching from a different direction into plaintiff's driver's path. That is to say each proceeding in a direction which required their paths to cross. Whether or not this factual situation permitted or required a charge under §6310-28 GC does not affect the correctness of special charge No. 3 as given. Appellee is supported in his contention by **Counter v Tiedman, 29 Oh Ap., 489.**

Appellant cites **Kessler v Brown, 17 OO 42** as supporting her claim. However, there the plaintiff's decedent was undertaking to make a left turn while coming from the south and crossing over the thoroughfare and into the path of defendant's approaching truck. **Yungbluth v McDonald et, 35 O. L. R., 403,** also cited, involved a collision where the driver of one car was intending to cross the avenue upon which the driver of the other car was moving. This clearly brought into application

the specific provision of the right of way statute, upon which the court commented, at page 406, which statute may not be fully charged unless it employs that part thereof that the one claiming the right of way must himself proceed in a lawful manner. The same observation may be made as to **Blackford v Kaplan, 14 OO 118,** an action growing out of a collision of motor vehicles at an intersection.

Other cases are cited by appellee to support his position in this case but it is not necessary to especially discuss them because we recognize and accede to the proposition that **§6310-17 GC** is a specific requirement and that the defendant had a right to the charge as given without qualification.

The judgment will be affirmed.

BARNES, P. J., and GEIGER, J., concur.