Weygandt, C. J.
 

 Two questions are presented for the consideration of this court.
 

 The first relates to certain testimony of the plaintiff’s only physician concerning the claim of the plaintiff that as a result of her injuries she suffered a premature menopause at the age of thirty-six years. Her
 
 *431
 
 physician was asked to express his opinion whether there was a causal connection between the injuries and the menopause.
 

 “A.
 
 I can’t answer it yes or no, I don’t know; it could happen, sure.
 

 “(Counsel for defendant moved the answer be; stricken.)
 

 “Court: Do you have an opinion? > a
 

 “Witness: Well, I have an opinion, yes. ■ ■ t
 

 “Q. What is that opinion?
 

 “(To which counsel for defendant objected but the court overruled the same.)
 

 “A. I think that this could happen, whether it happened or not I don’t know, but it could happen.
 

 “(Counsel for defendant moved the answer be stricken.)
 

 “Court: It isn’t a question whether it could happen, it is a question whether or not there is a causal condition [connection] between the condition of the woman and the accident he described.
 

 ‘ ‘ Witness: That is what I mean, this condition could follow that sort of thing if it involved enough emotional shock.
 

 ‘ ‘ Counsel for defendant moved the answer be stricken but the court overruled the same.”
 

 Thus, the physician first said, “I don’t know,” and then consistently said four times that it “could” happen. At no time did he testify that there was a
 
 probable
 
 causal connection between the injury and the premature menopause, nor did he express an opinion that there was any causal connection. Nevertheless the trial court refused to withdraw this claim from the consideration of the jury.
 

 Was it error for the court to permit the jury to consider this testimony and this claim?
 

 The jury was required to base its verdict on
 
 prob
 
 ability, and obviously such a verdict could not be based
 
 *432
 
 on mere
 
 possibility.
 
 This court has so held in numerous cases. In the
 
 per curiam
 
 opinion in the case of
 
 Pfister
 
 v.
 
 Industrial Commission,
 
 139 Ohio St., 399, 40 N. E. (2d), 671, it was said:
 

 “Medical testimony was introduced to establish trauma and causal connection. However, such testimony was merely to the effect that claimant’s condition could have been or possibly was the result of trauma. As heretofore held by this court, the proof must establish a
 
 probability
 
 and not a mere
 
 possibility. Drakulich
 
 v.
 
 Industrial Commission,
 
 137 Ohio St., 82, 27 N. E. (2d), 932.”
 

 In the third paragraph of the syllabus in the
 
 Drakulich case,
 
 supra, this court held:
 

 “Testimony that a person’s death from cancer of the liver
 
 could
 
 have resulted from a previous injury to his back is insufficient to prove causal connection between such injury and death. The proof in such case must establish a probability, not a mere possibility of such causal connection.” •
 

 In the syllabus in the case of
 
 Drew
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 499, 26 N. E. (2d), 793, this court said in part that “evidence which shows only that the paralysis
 
 could
 
 have been the direct result of injury sustained in the fall is insufficient proof to warrant submission of the cause to the jury.” And in his opinion in that case Williams, J., stated, “Proof of possibility is not sufficient to establish a fact; probability is necessary.”
 

 In the instant case the plaintiff’s sole medical evidence as to premature menopause was merely speculative and conjectural and hence could not serve as the basis for a finding rising to the requisite dignity of a probability. The defendant’s objections to this testimony and to the submission of this claim to the jury should have been sustained, and the refusal of the trial court so to do constituted prejudicial error.
 

 
 *433
 
 The second question here presented by the defendant involves the charge of the trial court that the defendant’s driver was negligent as a matter of law in admittedly operating the bus across the middle line of the street and on to the left or wrong side thereof.
 

 The questioned instruction reads as follows:
 

 “The plaintiff claims that at the time of the collision the operator of the bus without keeping a proper lookout to see and ascertain the position of plaintiff’s automobile on Marion avenue drove the bus from Glessner avenue on to Marion avenue and while making a right hand turn crossed the center of said Marion avenue and on to the defendant’s left side of the street thereby colliding with the .plaintiff’s automobile. There being no evidence introduced to contradict this claim of plaintiff and there being no evidence upon this subject from which the minds of any two or all of the jurors might differ, I instruct you that the defendant was negligent as a matter of law. The court having thus instructed you that the defendant was negligent, the first issue of fact which you must determine and decide is, was the negligence of the defendant the proximate cause of plaintiff’s injury and damage.”
 

 Counsel agree that the provisions of Section 6307-35, General Code, are applicable here. The rule is stated in part as follows:
 

 “The driver of a vehicle intending to turn at an intersection shall do so as follows:
 

 “(a) Approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.”
 

 Counsel agree, too, that the provisions of Section 6307-25, General Code, are likewise applicable here. In part they read as follows:
 

 “Upon all roadways of sufficient width a vehicle or trackless trolley shall be driven upon the right half of the roadway except * * *.”
 

 
 *434
 
 It is agreed further that the exceptions are not pertinent here. However, the defendant contends that the trial court should have permitted the jury to determine whether the roadway was of sufficient width to permit the bus to be driven entirely on the right half. One difficulty with this view is that according to the uncontradicted evidence Marion avenue is 32 feet in width, and there was nothing obstructing the right half of the street 16 feet wide. The bus operator stated that he traveled about a bus length after entering Marion avenue and simply did not see the plaintiff approaching on the other side of the street near the curb. Under these circumstances the bus operator violated the specific requirement of the statute. This was negligence per se. Hence, the charge of the trial court was not erroneous.
 

 Former Sections 6310-17 and 6310-18, General Code, contained somewhat similar provisions, and in the first paragraph of the syllabus in the case of
 
 Mahoning Savings & Trust Co., Exr.,
 
 v.
 
 Kellner, Admx.,
 
 131 Ohio St., 69, 1 N. E. (2d), 616, this court held:
 

 ‘ ‘ Under Sections 6310-17 and 6310-18, General Code, the duty of the driver of a motor vehicle to ‘keep to the right’ is made a specific requirement. Both statutes are penal, and the driver of a motor vehicle who violates either of them is not only subjected to a penalty but is negligent as a matter of law. ’ ’
 

 Consistent with the foregoing views it is necessary to reverse the judgment of the Court of Appeals and remand the cause to the Court of Common Pleas for a retrial by reason of the error in admitting the testimony of the plaintiff’s physician concerning premature menopause and in refusing to withdraw this claim from the consideration of' the jury.
 

 Judgment reversed.
 

 Matthias, Hart, Stewart and Taut, JJ., concur.