Vogus, a Minor, Appellee, *v.* Chase, Appellant.

(No. 626—Decided October 22, 1951.)

*Messrs. Freeman & Freeman,* for appellee.
*Messrs. Miller & Miller,* for appellant.

Savord, J. Defendant appeals on questions of law, seeking to reverse a judgment in favor of plaintiff. In briefly but substantially outlining the factual situation disclosed by the record, we shall designate the parties as they were named in the trial court.

On November 12, 1949, defendant resided on the east side of what was then known as Alley Number One in the village of North Fairfield, Ohio. To the south side of defendant's residence and leading to Alley Number One, was a driveway. On the west side of such alley there was located the residence of Albert Foster. A driveway located on the north side of the Foster residence had its outlet into Alley Number One at a point practically opposite the outlet of the driveway leading from the property of defendant. To the

north of the Foster residence and separated therefrom by a large grassy area was the residence of plaintiff.

Early in the afternoon of the aforementioned day, defendant proceeded to back his automobile out of his driveway onto Alley Number One, where he parked it in front of his house and on the wrong side of the alley. At about the same time, Albert Foster, accompanied by his wife and two grandchildren, proceeded to back his automobile in an easterly direction and just before reaching the street stopped the same, as the result of his wife's suggestion that there was an automobile to the rear of the Foster automobile. Almost immediately, the defendant came to the side of the Foster automobile and engaged in brief conversation with Mrs. Foster. The testimony is not only meager but also conflicting as to the exact substance of the conversation, although there is limited testimony tending to establish that the defendant in substance inquired of Mrs. Foster as to whether defendant had "bumped" the Foster automobile. Very shortly thereafter, Kittie Foster observed Florence Vogus, the mother of plaintiff, come running and pick up the plaintiff who was lying a short distance, not more than four feet in front of the Foster automobile, and in the grassy area between the Foster and Vogus residences. The medical testimony discloses that the plaintiff, through some cause, sustained a fracture of the occipital bone and other injuries less serious in nature.

At the close of plaintiff's case, defendant moved for a directed verdict in his favor, and, the same having been overruled, such motion was renewed at the close of the case. This motion having been denied, motions for judgment notwithstanding the verdict and for new trial were tendered and overruled. Defendant assigns as error the overruling of such motions and that certain portions of the court's

charge and rulings as to the admissibility of certain evidence operated to the prejudice of defendant.

We have been unable to discover any direct or inferential evidence supporting any one of the several allegations of negligence made by the plaintiff against the defendant, unless it be such evidence as tends to show the way and manner in which defendant backed his automobile from his driveway. Assuming, however, that such evidence was of a nature and character to warrant the submission of this cause to a jury, there still remains the vital question as to whether there was any evidence of a substantial character having the effect of proving that any negligence of the defendant was the direct and proximate cause of the injuries sustained by plaintiff.

Some time prior to plaintiff being discovered lying on the ground, the plaintiff was observed in close proximity to the Vogus residence, a location considerably removed from the place plaintiff was found subsequent to his injury. As to the interval between the plaintiff being so observed and his being found on the ground, the record is shrouded in mystery. There is not a word to indicate the movements of plaintiff or any evidence tending to prove just what happened to plaintiff.

It therefore follows that plaintiff totally failed to meet the burden which the law places upon him. No better expression of that burden and the character of proof required can be found than as set forth in the syllabus in *Gedra* v. *Dallmer Co.*, 153 Ohio St., 258, 91 N. E. (2d), 256, 17 A. L. R. (2d), 453, reading as follows:

"1. In a negligence action, it is essential for recovery that plaintiff prove by a preponderance of evidence not only that defendant was negligent but also that defendant's negligence was a direct or proximate cause of plaintiff's injury.

"2. In a negligence action, it is not sufficient for plaintiff to prove that the negligence of defendant might have caused an injury to plaintiff but, if the injury complained of might well have resulted from any one of several causes, it is incumbent upon plaintiff to produce evidence which will exclude the effectiveness of those causes for which defendant is not legally responsible.

"3. In such an action, if the cause of an injury to a plaintiff may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing that his injury is a proximate result of the negligence of the defendant."

A further statement of the rule is found in 38 American Jurisprudence, 975, Section 285. Therein it is emphasized:

"In showing that the negligence charged was the proximate cause of the injury, it is not enough for the plaintiff to prove that the negligence might perhaps have caused the injury. If, for example, the injury complained of might well have resulted from any one of many causes, it is incumbent upon the plaintiff to produce evidence which will exclude the operation of those causes for which defendant is under no legal obligation. If the cause of the injury to the plaintiff may be as reasonably attributed to an act for which the defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of fastening tortious conduct upon the defendant."

All of which is but another way of saying that a jury, as trier of issues of fact, is required to determine probabilities, and such determination can not be based upon testimony as to mere possibilities. *Brandt* v. *Mansfield Rapid Transit, Inc.*, 153 Ohio St., 429, 92 N. E. (2d), 1. As announced in *Boles* v. *Montgomery Ward & Co.*, 153 Ohio St., 381, 92 N. E. (2d), 9, "a ver-

dict for plaintiff predicated upon conjecture, guess, random judgment or supposition can not be sustained.''

Review of the cases cited by plaintiff quickly convinces that they are easily distinguishable from the instant case, as in all of such cases there is found either direct evidence or reasonable inference establishing the proven negligence of the defendant as the proximate cause of such damage as sustained by plaintiff.

In one respect at least, the charge was prejudicial to defendant. The trial judge said to the jury, ''We know this little child was in the street or out in the field at the time,'' thus assuming to decide one of the important issuable facts in the case and indulging this positive statement, although no evidence as to the exact movements and whereabouts of the plaintiff is revealed by the record. We find no prejudicial error with respect to the trial court's rulings as to the admissibility of evidence. In view of our conclusions, extended discussion of these particular assignments of error is not required.

Consistent with the above reasoning, the trial court should have sustained the several motions of the defendant for a directed verdict or should have granted defendant's motion for a judgment notwithstanding the verdict. Therefore, the judgment of the Common Pleas Court is reversed, and final judgment is entered for appellant.

*Judgment reversed.*

FESS, J., concurs.

CONN, J. I concur in the judgment of reversal but am of the opinion that the case should be remanded for a new trial.