LAGOS ET AL., APPELLANTS, *v.* KAHLER; BAUER ET AL., APPELLEES.

(Nos. 4785, 4786 and 4787—Decided June 14, 1954.)

*Mr. Matt Kolb,* for appellants.
*Messrs. Marshall, Melhorn, Bloch & Belt, Messrs. DiSalle, Green & Haddad* and *Mr. James D. Nestroff,* for appellees.

FESS, P. J. These three appeals on questions of law, for convenience consolidated for hearing and determination, are from judgments of the Municipal Court of Toledo finding in favor of defendants Richard C. Bauer, a minor under the age of eighteen years, and Reva H. Balogh, who is joined as a party defendant as the signer of such minor's application for a driver's license. Judgment was entered on behalf of the plaintiffs in the several actions against one Lawrence Kahler, but no appeals are taken from such judgments.

The evidence discloses that the defendant Richard C. Bauer was driving a 1937 automobile at a speed of from 30 to 40 miles per hour in a northerly direction upon the highway and that as he passed the home of defendant Kahler, the latter threw a stone which struck the automobile. Defendant Bauer immediately applied his brakes and his car was deflected into the westerly half of the highway immediately in front of an automobile driven in a southerly direction by Adonna Lagos, the mother of the plaintiff Gregory Lagos and wife of the plaintiff George Lagos, resulting in a collision and subsequent damage and injury to the several plaintiffs.

An operator of a motor vehicle who has failed to comply

with the safety statute regulating the operation of motor vehicles may excuse such failure and avoid the legal imputation of negligence arising therefrom by establishing that, without his fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible. *Satterthwaite* v. *Morgan,* 141 Ohio St., 447, 48 N. E. (2d), 653.

In *Kormos* v. *Cleveland Retail Credit Men's Co.,* 131 Ohio St., 471, 3 N. E. (2d), 427, the Supreme Court held that it is the duty of the party failing to comply with the assured-clear-distance-ahead statute to offer proof excusing his failure to observe such legal standard of care; and if he fails to do so he is guilty of negligence as a matter of law. This latter principle is likewise applicable to the failure of the defendant to comply with the mandatory provisions of Section 6307-29, General Code (Section 4511.29, Revised Code).

In a situation where a party charged with the violation of a mandatory provision of the traffic code offers substantial proof tending to excuse his failure to comply with the statute, a question for the jury is presented for determination under proper instructions of the court. In the instant case, the trial court, without the intervention of a jury, determined the facts as well as the law and found for the defendant Bauer. In the opinion of this court, the defendant Bauer failed to establish by sufficient evidence that without his fault and because of circumstances over which he had no control compliance with the statute was rendered impossible.

The judgments are, therefore, reversed as against the manifest weight of the evidence, and the causes are remanded to the Municipal Court for new trial, with costs to abide final judgment. Since no appeals were taken from the judgments in favor of the several plaintiffs against the defendant Kahler, upon the appeals on questions of law taken by the plaintiffs from the judgments in favor of the codefendants, this court has no jurisdiction over the judgments against the defendant Kahler.

*Judgments reversed and causes remanded.*

CONN and DEEDS, JJ., concur.