Taft, J.,
concurring. After determining as it has that each of the various motions of defendant for judgment should have been overruled, this court, in following Green v. Acacia Mutual Life Ins. Co., 156 Ohio St., 1, 100 N. E. (2d), 211, should have determined only whether the trial court abused its discretion in granting plaintiff’s motion for new trial. Johnson v. O’Hara, 156 Ohio St., 117, 100 N. E. (2d), 223; Mele v. Mason, 156 Ohio St., 118, 100 N. E. (2d), 224. The journal entry of the trial court specifically discloses that that motion was granted for error in the general charge by failure to charge that the burden of proof rested upon defendant to show that he was unconscious at the time of his alleged negligence. In considering whether the trial court erred in granting a new trial on that ground, the majority opinion has apparently recognized by inference that an order, granting a new trial for a supposed error of law which did not amount to an error, would represent an abuse of discretion and thus be reviewable on appeal.
This appears to be a departure from at least one of the decisions which followed Green v. Acacia Mutual Life Ins. Co., supra, and in which the opinion, unlike the majority opinion in the instant ease, gave no consideration whatever to whether the supposed error, specified as the reason for granting a new trial, was or was not an error. See Lawrence v. Moore, 156 Ohio St., 375, 102 N. E. (2d), 595. Heretofore, it had been stated by this court that “the term ‘abuse of discretion,’ as it relates to an order granting a motion for a new trial, connotes more than an error of law or of judgment; it implies an unrea *603 sonable, arbitrary or unconscionable attitude on tbe part of tbe court in granting such motion.” Klever v. Reid Bros. Express, Inc., 154 Ohio St., 491, 96 N. E. (2d), 781; Steiner v. Custer, 137 Ohio St., 448, 31 N. E. (2d), 855. Some support for such a departure may be found in ■what was said in the nest to the last paragraph of the opinion of Heidtman v. City of Shaker Heights, 163 Ohio St., 109, 121, 126 N. E. (2d), 138, relative to a “technical abuse of discretion.”
Unlike in Green v. Acacia Mutual Life Ins. Co., supra, it does not appear from the journal entry of the trial court in the instant case that the motion for new trial might have been based upon a matter wholly within the discretion of the trial court, such as the weight of the evidence. See also Schaible v. City of Cincinnati, 157 Ohio St., 512, 106 N. E. (2d), 81; Schwer, Admx., v. New York, Chicago & St. Louis Rd. Co., 156 Ohio St., 115, 100 N. E. (2d), 197. Perhaps therefore the law as announced in Green v. Acacia Mutual Life Ins. Co., supra, now applies only where the journal entry of the Common' Pleas Court is such as to indicate that the motion for new trial might have been granted for some reason wholly within the discretion of the trial court. In' other words, where, as here, the journal entry indicates that the motion for new trial was granted only for errors of law and could not have been granted for any matter wholly within the discretion of the trial court, the order granting such motion for new trial may be a final order which can be reviewed by an appellate court (or perhaps such order, if based wholly upon supposed errors of law which do not amount to errors, may represent an “abuse of discretion”); and an appellate court may by its judgment set aside such order where it determines that the supposed errors of law, specified as grounds for granting the new trial, do not amount to errors of law.
As stated in the annotation at 28 A. L. E. (2d), 12, 40, “the position has been taken that the unforeseeable loss of consciousness does not constitute a defense if the driver at the time of the accident was violating a statutory duty. ’ ’
Ordinarily a defendant’s failure to have his vehicle driven upon the right half of the roadway would amount to a violation of Section 4511.25, Eevised Code, and thereby be negligence *604 per se. Brandt v. Mansfield Rapid Transit, Inc., 153 Ohio St., 429, 92 N. E. (2d), 1. However, this court has held that one “who has failed to comply with a safety statute regulating the operation of motor vehicles may excuse such failure and avoid the legal imputation of negligence arising therefrom by establishing that, without his fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible.” Satterthwaite v. Morgan, 141 Ohio St., 447 (paragraph two of syllabus), 48 N. E. (2d), 653. See also Bush, Admr., v. Harvey Transfer Co., 146 Ohio St., 657 (paragraph two of syllabus), 67 N. E. (2d), 851, and Kormos v. Cleveland Retail Credit Men’s Co., 131 Ohio St., 471 (paragraph four of syllabus), 3 N. E. (2d), 427.
It would appear therefore that the trial court should have charged that the burden was on defendant to establish that his loss of consciousness made it impossible to prevent his automobile going onto the wrong side of the road, and that he was not at fault in and had no reason to anticipate or foresee such loss of consciousness.
Apparently plaintiff made no request for any such charge'. If the trial court had refused to grant a new trial for failure to give such a charge, the Court of Appeals should have and this court undoubtedly would have held that such refusal was not reversible error. Rhoades v. City of Cleveland, 157 Ohio St., 107, 105 N. E. (2d), 2; State v. Tudor, 154 Ohio St., 249, 95 N. E. (2d), 385. However, the trial court undoubtedly still has considerable discretion in determining whether to grant a new trial for one of its errors of omission, even though it was not requested by counsel to rectify such error of omission when it occurred and prior to the time of a motion for new trial.