VILLAGE OF WHITEHALL ET AL., APPELLANTS, *v.* COLE, APPELLEE.

(No. 5512—Decided July 23, 1957.)

Mr. *James R. Burchfield* and Mr. *James R. Butler,* for appellants.

Mr. *Charles M. Rosenberry, Jr.,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment for defendant entered on a verdict of a jury in the Columbus Municipal Court. The village of Whitehall seeks to recover $100, and its insurance carrier, The Celina Mutual Casualty Company, seeks to recover $465.72, by virtue of a subro-

gation agreement, which both parties as plaintiffs, appellants herein, assert was the damage caused by the negligence of the defendant, appellee herein.

The village, in its first assignment of error, urges that the court in its general charge read Section 4511.21 of the Revised Code, dealing with speed and assured-clear-distance-ahead requirements, and, in so doing, neglected to explain the exemptions afforded emergency vehicles in Section 4511.24, Revised Code. The defendant urges that Section 4511.24 was, in sum and substance, contained as follows in the special instruction given by the court before argument:

" 'Members of the jury. The court instructs you that a police officer in pursuit of a felony violator is not negligent merely because he fails to observe the speed limit fixed by the law for persons driving in that locality; but he is only required in the operation of the motor vehicle which he is using to exercise that care which persons of ordinary care and prudence are accustomed to use in the discharge of official duties of a like nature under the same or similar circumstances.' "

There is no doubt that, from the undisputed evidence in this case, the village's vehicle was an emergency vehicle and on an emergency run at the time the accident occurred. It qualified as an emergency vehicle under either Section 4511.24 or Section 4511.45, Revised Code. It was the duty of the trial court in charging upon speed regulations to explain the statutory exception from the requirements of the prima facie speed limitations, which is accorded emergency vehicles under Section 4511.24, Revised Code. This explanation should be a part of and connected with the court's explanation of the speed regulations of the area in which the vehicles were operated. The omission of this explanation from the charge at that point constituted prejudicial error, when we take into consideration the following quotation from the court's charge:

"Now, you are instructed that a violation of any of the sections of the Ohio law which I have read to you is in and of itself negligence."

The court should have omitted from its charge the portion of Section 4511.21, Revised Code, under subsections (A) and (B).

On the question of whether the court should have included Section 4511.29, Revised Code, which lays down the rules relative to driving to the left of the center line, it would seem that the facts in this case would hardly justify including this section of the Code in the instructions to the jury. There is no evidence of on-coming traffic which would prevent an emergency vehicle, or any vehicle, from going left of center. The defendant's automobile was the only vehicle involved, and it was coming from the right or south side of Main Street and passing in front of the village's police vehicle. However, the instruction as given, if one should concede that it might properly have been given, left the jury no leeway by which it might determine whether the village's driver might be excused from going left of center. There is ample evidence in the record from which the jury could, if permitted by the court, excuse the action of the village's driver in going a few feet left of center. The following testimony indicated that he was faced with a sudden emergency in which a car came from a driveway on his right, or south side of the street, into the path of the police cruiser, which swerved to the left:

"Q87. Did that man ever attempt to stop? A. He slowed up at one time.

"Q88. Did he ever look towards you? A. No, sir.

"Q89. Was there an accident? A. Yes, sir.

"Q90. What happened to your vehicle. Tell the actual facts what happened to it as you approached this intersection or approached the car. A. As we approached, the cruiser was swerved to the driver's left. The oncoming Buick hit us in the front, right corner of the vehicle, damaging the entire right side of the cruiser.

"* * *

"Q92. You say your cruiser swerved to the left, Mr. Moling? A. Yes, sir.

"Q93. Can you give any reason why it would not swerve to your right? Was there anything to your right? A. Yes, sir. We were passing vehicles that were on our right.

"Q94. What were the traffic conditions that day? A. The street was wet. It had been snowing. It was warm enough that

the snow melted immediately on contact with the streets. It wasn't snowing right at that particular time.

"* * * *

"Q105. At this time, did you ever see this car attempt to stop or look towards you? A. He never looked towards us. He slowed up at this point here (indicating) as if he was going to stop, but the motion of the car never stopped completely, and then it came on forward.

"Q106. And it struck you on the right side as you have pictured there? A. That's right."

In *Lagos* v. *Kahler,* 99 Ohio App., 214, 132 N. E. (2d), 254, paragraph one of the syllabus reads as follows:

"1. An operator of a motor vehicle who has failed to comply with the provisions of Section 4511.29, Revised Code (Section 6307-29, General Code), may excuse such failure and avoid the legal imputation of negligence arising therefrom by establishing that, without his fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible."

Judge Fess, in his opinion, at page 216, used the following language:

"In *Kormos* v. *Cleveland Retail Credit Men's Co.,* 131 Ohio St., 471, 3 N. E. (2d), 427, the Supreme Court held that it is the duty of the party failing to comply with the assured-clear-distance-ahead statute to offer proof excusing his failure to observe such legal standard of care; and if he fails to do so he is guilty of negligence as a matter of law. This latter principle is likewise applicable to the failure of the defendant to comply with the mandatory provisions of Section 6307-29, General Code (Section 4511.29, Revised Code).

"In a situation where a party charged with the violation of a mandatory provision of the traffic code offers substantial proof tending to excuse his failure to comply with the statute, a question for the jury is presented for determination under proper instructions of the court."

To the same effect is *Satterthwaite* v. *Morgan,* 141 Ohio St., 447, 48 N. E. (2d), 653, paragraphs two and three of the syllabus of which are as follows:

"2. An operator of a motor vehicle who has failed to comply with a safety statute regulating the operation of motor vehicles may excuse such failure and avoid the legal imputation of negligence arising therefrom by establishing that, without his fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible.

"3. When a defendant offers evidence of facts from which it may be inferred that his violation of such legal requirement was due to the existence of a sudden emergency arising without his fault, the questions of his liability in the premises, and of the proximate cause of injury resulting from such violation, are for the jury."

In the opinion in that case, beginning at page 453, we find the following language:

"The petition in this case charges the defendant Morgan, Jr., among other things, with the violation of section 2436 of the ordinances of the city of Cleveland in that he drove his car 'to the left side of the center line of a street or highway when meeting an approaching vehicle * * *.' In defense of such a charge, an operator of a motor vehicle who has failed to comply with such an ordinance or statute may excuse such failure and avoid the legal imputation of negligence arising therefrom by establishing that, without his fault and because of circumstances over which he had no control, compliance with the ordinance or statute was rendered impossible."

A charge to the jury must bear a proper relation to all competent and pertinent testimony and permit the jury to weigh the same. The failure to submit to the jury the excuse for going to the left of the center line, offered by the driver of the police cruiser, was prejudicial error. It was an error of commission in the light of the instruction that "a violation of any of the sections [just read] of the Ohio law which I have read to you is in and of itself negligence."

In our opinion, the verdict and judgment are against the manifest weight of the evidence in this case. We base our conclusion upon the undisputed fact that the village was operating an emergency vehicle on an emergency run, which had the right of way over the vehicle of the defendant, which pulled

from a private drive across the path of the village's vehicle, too late for a collision to be avoided. We conclude that, under the circumstances, the village's driver was excepted from the prima facie speed regulations and was justified in going left of the center line at the time of the collision.

The judgment is reversed and cause remanded to the Municipal Court for a new trial.

*Judgment reversed.*

PETREE, P. J., BRYANT and MILLER, JJ., concur.