**GALUPPO, Plaintiff-Appellant, v. VIOLI, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24472.   Decided July 24, 1958.

M. H Wolf & Marzel R. Levan, for plaintiff-appellant.
McConnell, Blackmore, Cory, Burke & Kundtz, for defendant-appellee.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District, HORNBECK, PJ, of the Second District, sitting by designation in the Eighth District.)

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court entered by the trial judge upon motion of defendant at the conclusion of all the testimony in the trial of the cause.

On the 22nd day of August 1952, plaintiff, a minor of the age of 7 years, 5 months, was struck and injured by an automobile driven by the defendant. At the time of the accident, defendant was moving eastwardly on Pleasant Valley Road in a Roadmaster Buick and the plaintiff, having started at a place a short distance east of Oakwood Road, was moving across Pleasant Valley from the south to the north side thereof.

Plaintiff pled that he was struck by reason of the negligence of the defendant in 9 particulars: 1) that he did not drive to his right side of the road; 2) that he did not yield the right of way to the plaintiff; 3) that he failed to stop the car or reduce his speed to avoid striking plaintiff; 4) that he operated at a speed greater than was reasonable and proper; 5) that he failed to stop within the assured clear distance ahead; 6) that he failed to have his automobile under proper control; 7) that he failed to keep proper look-out for plaintiff who was on the highway; 8) that he failed to warn the plaintiff by sounding horn or otherwise of his approach; 9) that he operated his automobile with inadequate brakes.

Defendant, answering, denied any negligence on his part and averred that the accident was directly caused by the negligence of the plaintiff. Plaintiff by reply, generally denied these averments of the answer.

At the conclusion of plaintiff's cause, the trial judge overruled a motion for directed verdict but at the end of the whole case withdrew a juror and sustained the motion for judgment for the defendant upon the grounds that no negligence was proven against the defendant and that the negligence of the plaintiff was the sole proximate cause of the accident.

We have been favored with the opinion of the trial judge on the motion to withdraw a juror and to enter a judgment for the defendant.

The judgment may be sustained if the trial judge was correct in either of the two particulars heretofore stated, or, if the plaintiff was entitled to have the issue of the defendant's negligence presented to the jury, but, as a matter of law, he was chargeable with contributorw negligence.

We examine the record to test the correctness of the action of the trial judge.

Did the evidence in its most favorable interpretation for the plaintiff require that the issue of the negligence of the defendant be submitted to the jury. Could different minds from the evidence reach different

conclusions on the issue of defendant's negligence, proximate cause and contributory negligence of the plaintiff. If so, these issues should have been presented to the jury. **Wolfe, Admr. v. Baskin, 137 Oh St 284.**

Pleasant Valley Road is a thoroughfare running east and west. Oakwood Road runs off Pleasant Valley Road to the south but not to the north. Both of these roads on the paved portion thereof, are about 16 feet wide. On the date of the accident, a sewer excavation was being made on Oakwood Road beginning about 2 feet south of Pleasant Valley Road, at the same time, the East Ohio Gas Company was putting a pipe under Pleasant Valley Road and, in doing so, had made an excavation on both sides and near to the road and men were working on the south side. In front of the excavation to the south a barricade was placed on the edge of the road. In making the installation of the pipe no cut was made in the road proper as it was driven under the pavement. There was, however, an air hose across the road and on either side thereof; to protect it were laid 2 x 4's or wider pieces, witnesses differ as to their width. The Gas Company had an air compressor on the north side but off the road. It also had a two ton closed truck, 23 to 25 feet long, and 10 feet high, which was on the south side of the road and parked partly on the surface, estimated by witnesses as extending thereon about three feet or one-half the width of the truck. Because of the barricade and the open trench, a watchman with a flag was stationed near the truck for the purpose of slowing down approaching traffic.

It is agreed by all witnesses that the truck was west of Oakwood Road, but there is a difference in the testimony as to the distance from Oakwood Road to the place where it was parked. Defendant fixes this distance at 10 to 15 feet west of the west side of Oakwood, some say 35 to 40 feet and one witness, Mr. Schoenbaum, testifies that it was 125 feet from Oakwood Road. There is also variance in the testimony as to the location of the flagman. He says that he was back of the truck and east of it, on the edge of the road, but other witnesses, including the defendant and his witness, Mr. Schoenbaum, say that the flagman was alongside the truck toward the center of the road and in a position that required automobilists moving to the east to go beyond the center and to the north side of the road.

At the time the plaintiff was struck, the defendant's automobile was either partly or wholly on the north side of the center of the road. The testimony of the plaintiff is that he was but two steps from the north edge of the road when he was struck. Immediatly after the accident, his body was lying partly on and partly off the north side of the road. His head was on the road proper and his body on the gravelled portion to the side thereof.

Skid marks of the defendant's automobile were evident in the road and were almost entirely on the north side of the center of the road and parallel thereto. It is thus evident that at the time the plaintiff was struck by the defendant's automobile, the defendant was on his left or wrong side of the highway and presumptively in violation of §4511.25 R. C., unless his driving came within an exception of the statute.

Sec. 4511.25 R. C., reads:

"Upon all roads of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway, except as follows:

(A) When overtaking and passing another vehicle proceeding in the same direction, or when making a left turn under the rules governing such movement;

(B) When the right half of a roadway is closed to traffic;

(C) When driving upon a roadway divided into three or more marked lanes of traffic under the rules applicable thereon;

(D) When driving upon a roadway designated and posted with signs for one-way traffic;

(E) When otherwise directed by a police officer or traffic control device.

No one of these exceptions could under the evidence, as a matter of law, absolve defendant from the application of this statute.

It is held in **Brandt v. Mansfield Rapid Transit, Inc., 153 Oh St 429,** 92 N. E. (2d) 1, and in **Eisenhuth v. Moneyhon, 161 Oh St 367,** that, unless an exception in the statute has application, a vehicle in a roadway of sufficient width must be driven on the right half thereof and that a failure to do so is negligence per se. To like effect, under a former similar statute, **The Mahoning Savings and Trust Co., Exr. v. Kellner, 131 Oh St 69,** 1 N. E. (2d) 616. That there was sufficient width on the right half of the highway upon which defendant could drive after he had gotten beyond the barricade is supported by his own testimony.

If the testimony of the plaintiff, to which we hereinafter refer, is to be accepted, the defendant could be found to have violated §4511.21 R. C., in the assured clear distance ahead aspect thereof, and in the speed regulation thereof. Under the evidence adduced the issue as to the violation of this statute could not be resolved against plaintiff as a matter of law. Harris v. Williams, 22 O. C. C. (N. S.) 412, 33 C. D. 650, holds that:

"Where defendant was driving on the wrong side of the street contrary to earlier statute, and at a speed of 10 or 12 miles, contrary to city ordinance and a child of 7 after dodging from behind other vehicles is killed, the question whether defendant was driving too fast to stop in time is for the jury."

The gist of §4511.21 R. C., is that it is violated when one drives a vehicle upon streets or highways at a speed greater or less than is reasonable or proper. The various rates of speed set out in the statute are only prima facie lawful rates of speed and one may be violating it, though driving at a lesser rate of speed than those fixed in the statute. **Swoboda v. Brown, 129 Oh St 513, 520, 523.**

The plaintiff testified that he walked across the street from the north to the south side thereof and that he looked to the left and the right before he started across. The evidence offered by an expert who testified for the defendant indicates that he was operating his automobile at about the time he struck plaintiff at a rate of speed of 30.5 miles per hour. The skid marks upon which the expert based his testimony were 55 feet long. The exact place where the automobile stopped after it struck the

plaintiff is in controversy. Giving due regard to the elements of the statute §4511.21 R. C., the traffic, width of the highway and **other conditions** (emphasis ours), the jury could have found that the speed at which the defendant was travelling was in violation of the statute in that it was greater than was reasonable or proper.

All of the testimony is to the effect that there were a number of children about the excavation on Oakwood Road which excavation extended to within 2 feet of Pleasant Valley Road. The number of children about the excavation is estimated from 4 to 25 to 50. Defendant says that there were 25 or 50 children there. Upon the testimony of the flagman, the defendant could have passed the place where he was stationed without getting fully over onto the left or north side of the road. Defendant says that he was moving on the south side of the road until he had neared the truck and that he had again gotten over to the south side of the road before he saw the plaintiff and moved over to the north.

The defendant testified three times. By deposition, on cross-examination, called by plaintiff, and on direct examination in his own behalf. In one place in his testimony defendant says that after he saw the plaintiff running across the street, in order to avoid striking two other boys who were also moving across the street on the south side thereof, he turned to the north and struck the plaintiff. At another place he says, if he had not swerved to the north, he would have endangered a number of children at the excavation on Oakwood Road. Finally, he says that he swerved to avoid striking the plaintiff. Manifestly, the issue whether or not defendant was faced with an emergency and the nature and extent thereof, could not be resolved as a matter of law. Subject only to an emergency to which the defendant testifies and is supported by his witness, Schoenbaum, there was time and space for him to get over and on to his proper side of the road after he passed the flagman. The issue of an emergency absolving defendant was factual which must be determined under the law of the Ohio cases. **Satterthwaite v. Morgan, 141 Oh St 447; Bush v. Harvey Transfer Co., 146 Oh St 657.**

The next question is as to the plaintiff's negligence as a matter of law.

The trial judge was of the opinion that the plaintiff, although he said that he looked first to his left and then to his right before he started to cross the road, must have been mistaken because had he looked, he must have seen the approaching automobile of defendant.

The plaintiff stated, as his opinion, that the defendant's car could not have been seen when he started across the road because it was behind the dip to the west which he estimated at a distance of about 200 feet. Other testimony, all estimates, was to the effect that this distance was much further, as much as 350 to possibly 600 feet. This opinion of the plaintiff did not prevent any other permissible inference from the evidence as to the reason why he could not have seen the approaching automobile if he looked as and where he testified he did. **Scott v. Spaulding, 41 Abs 449.**

As we have heretofore noted, the testimony as to the location of the truck varied from 10 to 125 feet west of Oakwood Road. It was also said

that it extended 3 feet or more into the highway, that the flagman stood 2 feet further to the north and that he had a flag in his hand which he held out in front of him and waved. The defendant said that as he approached the truck, he could not see the children who were about the excavation on Oakwood Road. Mr. Schoenbaum also said that he could not see what was east of the truck at a distance 150 feet from the truck from his seat 4 feet high on the truck which he was driving. If plaintiff could have seen defendant's automobile, it may have been on the south side of the road and before he passed the flagman at a time and place which would not charge him with knowledge that the car would later be approaching him on the wrong side of the road. But, it is permissible to assume that if the plaintiff looked from the level of the highway at the time and place he fixed, he may not have been able to see the defendant's automobile because of the location of the truck, the flagman and his waving flag. The rate of speed at which plaintiff claims he was moving which was demonstrated in the courtroom at the trial and the rate of speed at which it was inferable the defendant was moving are consistent with the conclusion that his automobile may not have been in sight of plaintiff when he started to move across Pleasant Valley Road.

Plaintiff, although quite young, was chargeable with that degree of care to be expected of boys of his age and mental capacity. If he was amenable to the statute, §4511.49 R. C., and was required to look both ways for traffic in the road, specific obligation to so look was enjoined upon him only when he started across the road and, if then the way seemed clear, he was not bound, as a matter of law, to look again. **Wolfe, Admstr. v. Baskin, 137 Oh St 296.**

In the absence of knowledge that the automobile of defendant was approaching from the west, plaintiff had no reason to expect that he would be struck when he had almost negotiated the full width of the road. **Goldberg v. Jordan, 130 Oh St 2.**

The skid marks tend to support the testimony of the plaintiff and whether or not they swerved from the south to the north was a factual issue.

It seems manifest to us that negligence could not be imputed, as a matter of law, to the plaintiff upon the favorable evidence in his behalf and the question of his negligence was one of fact.

Learned counsel in this case will fully recognize that we have discussed the evidence in its most favorable light for the plaintiff, which the trial judge was and we are required to do in considering defendant's motion for judgment. We are fully mindful that upon the factual issues which we find should have been submitted to the jury, the defendant offered evidence which the jury might resolve in his favor.

The court erred in directing the verdict for the defendant. The judgment will be reversed and cause remanded.

HUNSICKER, PJ, DOYLE, J, HORNBECK, PJ, concur.