WILDE, APPELLANT, *v.* RAMSEY, APPELLEE.

(No. 8871—Decided December 30, 1960.)

*Mr. William S. Matthews,* for appellant.
*Mr. Edward J. Utz,* for appellee.

COLLIER, J. This is an appeal on questions of law from a judgment of the Cincinnati Municipal Court in favor of the defendant, entered by the trial judge at the conclusion of all the testimony in the trial of the cause.

The action arose as a result of a collision on Paddock Road in the city of Cincinnati at about 3:20 p. m. on May 6, 1957, between an automobile owned by plaintiff and an automobile owned and being driven by the defendant at the time and place in question. Paddock Road is a four-lane highway, consisting of two lanes for southbound traffic and two lanes for northbound traffic. Plaintiff's son was driving his automobile southwardly in the lefthand, southbound lane. The defendant was driving his automobile northwardly on said highway in the second lane of traffic from the curb. At a point near the Longview Hospital entrance and about two hundred feet northwardly from Towando Terrace, intersection with Paddock Road, the defendant drove his automobile to the left of the double center line and struck plaintiff's automobile, resulting in the damages to plaintiff's automobile in the stipulated amount of $325.

The defendant, in his answer and in his testimony, claims that as he was proceeding in a lawful manner, an automobile bearing an Indiana license, being driven in the lane to his right, cut quickly in front of defendant's automobile and into his lane, forcing the defendant across the center line and into plaintiff's automobile; that by reason of this sudden emergency he was not negligent in the operation of his automobile.

The trial court, in announcing its decision, after stating that the plaintiff had proved that defendant's automobile was driven across the yellow lines and hit plaintiff's vehicle, proceeding in the opposite direction, said further, "I believe at that point it is the duty of the defendant to go forward with the evidence to a degree to place the evidence in equipoise, as Mr. Utz states. I think that is exactly the state in which I find the evidence and it is in equipoise. I cannot see anything that would clearly indicate to me or which would produce a preponderance of evidence either that the defendant was negligent or that he wasn't negligent."

In a number of cases in Ohio it has been held that a violation of Section 4511.25, Revised Code, which provides that a vehicle shall be driven upon the right half of a roadway is negligence per se; that this is a safety statute and defines a specific requirement of a driver of an automobile. *Mahoning Savings & Trust Co., Exr.,* v. *Kellner, Admx.,* 131 Ohio St., 69, 1 N. E. (2d), 616; *Simko* v. *Miller,* 133 Ohio St., 345, 356, 13 N. E. (2d), 914; *Brandt* v. *Mansfield Rapid Transit, Inc.;* 153 Ohio St., 429, 92 N. E. (2d), 1.

On these authorities and the undisputed evidence, the defendant's act in driving his automobile across the center line of the highway and striking plaintiff's automobile being driven in the opposite direction constituted negligence as a matter of law. The conceded facts did not justify the trial court's conclusion that the defendant was not negligent.

The only other question to be determined is whether the evidence adduced by the defendant was sufficient to establish a legal excuse for a failure to comply with the provisions of this statute and thus preclude liability for damages resulting from his negligence in violation of the statute. It was held in *Satterthwaite* v. *Morgan,* 141 Ohio St., 447, 48 N. E. (2d), 653:

"An operator of a motor vehicle who has failed to comply with a safety statute regulating the operation of motor vehicles may excuse such failure and avoid the legal imputation of negligence arising therefrom by establishing that, without his fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible."

See, also, *Kormos* v. *Cleveland Retail Credit Men's Co.,* 131 Ohio St., 471, 3 N. E. (2d), 427; *Lagos* v. *Kahler,* 99 Ohio App., 214, 132 N. E. (2d), 254; *Village of Whitehall* v. *Cole,* 104 Ohio App., 387.

To determine whether the defendant established a legal excuse for his failure to comply with the safety statute (Section 4511.25, Revised Code) here involved, requires an examination of the evidence in the light of the rule announced in the case of *Bush, Admr.,* v. *Harvey Transfer Co.,* 146 Ohio St., 657, 67 N. E. (2d), 851. In that case, the defendant attempted to establish a legal excuse for failure to comply with a specific statutory requirement by showing a situation of a sudden emergency and

that he did or attempted to do what any reasonably prudent person would have done under the same or similar circumstances. On page 664, Hart, J., said:

"Since the failure to comply with the provisions of a safety statute constitutes negligence *per se*, a party guilty of the violation of such statute cannot excuse himself from compliance by showing that '*he did or attempted to do what any reasonably prudent person would have done under the same or similar circumstances.*' A legal excuse, precluding liability for injuries resulting from the failure to comply with the statutory requirements respecting the operation of a motor vehicle on the public highways, must be something that would make it *impossible* to comply with the statute, something over which the driver has no control, an emergency not of the driver's making causing failure to obey the statute. * * *"

In the instant case, the defendant's testimony on the subject was as follows:

"Q. That is what my question is. You were moving along in a line of traffic and there was no backup from that traffic light to where you were? A. Yes, but I hadn't approached that traffic. The cars were far enough ahead of me so he could swerve. If he had not, he would have hit the car in the rear end.

"Q. He got in front of you without touching your car? A. I am not sure whether he—it happened so fast, and I am not sure if he hit it or not because I was excited and afraid and everything else. He just whipped right in and cut out and through that light he went."

A liberal interpretation of this testimony in favor of the defendant indicates that he is attempting to excuse his failure to comply with the safety statute (Section 4511.25, Revised Code) simply by showing that he did what any reasonably prudent person would have done under the same or similar circumstances. In other words, that in the exercise of ordinary care, under the circumstances, he could not avoid crossing the centerline. True, the defendant claims an emergency existed, but still the rule of ordinary care applied. The defendant fails to differentiate between common law negligence, which imposed upon him the exercise of ordinary care, and statutory negligence,

a specific duty imposed by statute, a violation of which is negligence per se.

Under the rule pronounced in the *Bush case, supra*, the defendant may not excuse himself for failure to comply with the provisions of a safety statute by showing he exercised ordinary care, even in an emergency, but the evidence must show that his failure to obey the statute was caused by something that made it *impossible* for him to comply with the statute.

Furthermore, assuming that defendant's testimony was admissible to show a legal excuse for failure to comply with the safety statute, in our opinion, the mere fact that another automobile was driven near him by a third party and he "was excited and afraid and everything else" is not sufficient to establish such an excuse. The evidence must show "something that would make it *impossible* to comply with the statute." The defendant's automobile was not struck by the Indiana car. It would be establishing a bad precedent to hold that the driver of an automobile may avoid the legal imputation of negligence arising from the violation of a safety statute simply because he was "excited" and "afraid."

The conceded facts in this case clearly show that the defendant was negligent and that such negligence was the proximate cause of plaintiff's damages in the stipulated amount of $325. This court, rendering the judgment that the trial court should have rendered, reverses the judgment of the Municipal Court and awards the plaintiff damages in the sum of $325, and costs.

*Judgment reversed and final judgment for appellant.*

HUNSICKER, P. J., and DOYLE, J., concur.

HUNSICKER and DOYLE, JJ., of the Ninth Appellate District, and COLLIER, J., of the Fourth Appellate District, sitting by designation in the First Appellate District.