SCHULTZ, APPELLANT, *v.* WALLACE, APPELLEE.

(No. 6633—Decided September 19, 1961.)

Messrs. *Robins, Metcalf & Fisher* and Mr. *Gene W. Thompson*, for appellant.

Messrs. *Wiles, Doucher, Tressler & Koons*, for appellee.

DUFFY, J.   The automobile of plaintiff, appellant herein, was struck from the rear by the automobile of defendant, appellee herein, while plaintiff was waiting for a red traffic signal to change.   Plaintiff brought action against the defendant in the Court of Common Pleas of Franklin County and alleged that as a result of the accident she received injuries which were described as a cervical and lumbo-sacral sprain, a severe and nervous shock to her nervous system, which resulted in an increase in the length of time of her menstrual period necessitating surgery in order to halt her menstrual flow, that she suffered and still suffers headaches, pain in the left arm and shoulder, and a stiff and painful neck.

At the end of the plaintiff's case the trial court took from consideration by the jury any disability having to do with her menstrual period, including the loss of blood and subsequent hospitalization and operations, and the jury did find for the plaintiff and awarded her $250 as damages resulting from the other described disabilities.

The plaintiff has appealed to this court and the following are her assigned errors:

"I. The trial court erred in overruling plaintiff-appellant's motion to continue the trial of this case to a later date when it would be possible to have the personal appearance and testimony of plaintiff-appellant's treating physician; that the court's refusal to continue this case to a later date amounted to an abuse of discretion and constituted error prejudicial to the rights of plaintiff-appellant.

"II. The court erred in sustaining defendant-appellee's motion, which was made at the close of plaintiff-appellant's case, to withdraw from the 'jury's consideration all claims set out in the amended petition with reference to the length of time that

the menstrual period was increased and also all claims to anything which has to do with the menstrual period and the loss of blood and the subsequent hospitalization and operations.'

"III. The court erred in instructing the jury at the close of plaintiff-appellant's case that there was not proof by a preponderance of the evidence that plaintiff-appellant suffered an injury to her menstrual period which resulted in surgery.

"IV. The court erred in overruling plaintiff-appellant's motion for a new trial.

"V. The verdict of the jury in favor of plaintiff-appellant in the amount of $250.00 is excessively low, inadequate at law, and against the manifest weight of the evidence.

"VI. Other error which appears on the face of the record."

In plaintiff's brief only the first three assignments of error are discussed. As to the first assigned error, it appears that the attending physician's wife was ill and he did not want to come to court to testify, and the trial court did not hold this a sufficient ground for the granting of a continuance to the plaintiff, and the physician's testimony was taken by deposition and read to the jury. It should be noted that the attending physician was not subpoenaed and he was in the county, and the wife's illness was not shown to be an emergency. It does appear to be a matter within the discretion of the trial court, and it is impossible to find that the trial judge abused his discretion from the facts stated in the bill of exceptions.

As to assignment of error number two, any disability involving menstrual flow and the operations to stop it would be such that its causation should be shown by medical testimony indicating that there was a probable causal relationship between the condition and the accident. Plaintiff relies on the medical testimony dealing with the menstrual trouble, which was admitted as evidence and testified to by the attending physician, which was as follows:

"Q. (Mr. Thompson): What complaints did she [Mrs. Schultz] make to you at that time [date of initial examination on October 28, 1957]? A. Well, at that time she said that she had an automobile accident between, let's see—yes, High Street and Morse Road and she said that somebody that was in front stopped at a red light and then she stopped it at red light and then another car drove and hit her on her back to the extent that

she had to go and hit the other car, and, as such, she said that she had a pain in her head, and back and neck, and shoulders, and then the following day, which was—on the following day which was the 23rd, she said that she was having some menstrual trouble. Do you want me to tell you about this menstrual trouble or not?

"Q. You may as well. A. Yes. Well, she said she was—she stopped menstruation about a few days ago and then since the date of that jar and shock she started to bleed very profusely. So then I thought that in view of the shock to her body and neck and back and head, that was probably—she was right about that."

The doctor's answer was given in response to a question about the complaints made by the plaintiff at the time of the initial examination of her following the accident. The answer does not speak about a cause but of a recognition of the condition.

While the deposition was being taken, the doctor was given a hypothetical question seeking to obtain from him an opinion as to the probable causal relationship between the accident and the condition, but that question was not admitted in evidence by the trial judge. He ruled that the question was improperly asked, and, therefore, the answer to it was never placed before the jury. Plaintiff should have been aware of this at the time she rested, and we cannot find any medical testimony which shows that there was a probable causal relationship between the accident involved in this case and the disabilities resulting, which involved the menstrual condition.

The surgeon who performed the operations upon the plaintiff did not testify, and the other medical witness was an orthopedic specialist who limited his diagnosis and prognosis to the disabilities other than plaintiff's menstrual condition.

As to assignment of error number three, there is no doubt that it is well taken since the trial judge, in ruling on the motion made by the defendant that the court withdraw from the jury's consideration all claims having to do with the menstrual condition, told the jury "* * * Therefore, the court has checked the testimony of the doctors herein and is of the opinion that there is not proof by a preponderance of the evidence that she suffered an injury to her menstrual period, which resulted in sur-

gery. \* \* \* In other words, it is taken completely from your consideration. Motion of the defendant will be sustained as to that."

The test which the trial judge should have applied is that of the sufficiency of the evidence, as the decision on the preponderance of the evidence is for the jury and not the court.

In view of our ruling on assignment of error number two, we conclude that the trial judge made the proper ruling on the motion even though he used the wrong test. We cannot say that the error committed was prejudicial' to the plaintiff since there is no medical testimony showing a probable causal relationship between the accident and the disabilities resulting from the menstrual condition. See *Fox* v. *Industrial Commission*, 162 Ohio St., 569, and *Brandt* v. *Mansfield Rapid Transit, Inc.*, 153 Ohio St., 429.

As to the other assignments of error they are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DUFFEY, P. J., and BRYANT, J., concur.