McCONAHA, APPELLANT, *v.* COOK, APPELLEE.

(No. 7799—Decided March 9, 1965.)

*Messrs. Volkema & Wolske* and *Mr. George Torbica,* for appellant.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Herbert R. Brown,* for appellee.

Troop, J.  This appeal is from a judgment and final order entered by the Common Pleas Court of Franklin County following a verdict directed by the trial court at the close of all the evidence.  The action arose out of an accident occurring in Fairfield County on or about January 29, 1961.  Road conditions at the time of the accident were bad, as reflected in the fifth of the findings of fact by the trial court, which reads as follows:

"At the time and place of the collision, the driving area on Bowen Road was obstructed by snow drifts on the west side of the road and left open ten feet of driving area measured from the east edge of Bowen Road."

The trial court directed a verdict in favor of defendant because it concluded as a matter of law that:

"6. Plaintiff's operation of his own vehicle prior to the impact constituted negligence as a matter of law, which was a direct and proximate cause of the accident."

The trial court further concluded, as a matter of law, that "no issue of negligence on the part of the defendant was raised by plaintiff's evidence."

The evidence in this case leaves but little doubt that the plaintiff's automobile was left of the center of the sixteen-foot roadway pavement at the point of impact.  Such fact led the trial court to conclude that the plaintiff was negligent per se.  It is also clear from the evidence that the west part of the roadway was closed to travel by reason of drifted and packed snow two-to-three feet deep, through which an automobile could not be operated.  The open portion of the road was a cut approximately ten feet wide made by a road scraper or other mechanical road-cleaning device through which traffic moved in both directions.  Another noteworthy fact in the pattern of the accident area is the presence of a curve in the road restricting the view of those entering the cut from either end.

Plaintiff's first assignment of error urges that the trial court was in error in directing a verdict for the defendant at the close of all the evidence, because it held that a violation of Section 4511.25, Revised Code, is always negligence.  It is to this assignment of error that we give attention.

In the remarks of the trial court, a part of its directing the verdict, attention is directed to the case of *Dibert* v. *Ross Pattern & Foundry Development Co., Inc.* (1957), 105 Ohio App.

264. Evidently this case furnishes the authority upon which the court relied. Two general propositions taken from the case are correct. Generally, Section 4511.25, Revised Code (Recodification Act of 1953), required the motorist to keep to his right, which is a specific requirement, and a violation of the rule is negligence per se. Generally, too, the exception contained in the section controlling when the right half of the road is "closed" means being closed by public authority.

The *Dibert case, supra,* also deals with a corollary rule equally important in the consideration of the instant case. At page 273, the court discusses the rule laid down by the Second District Court of Appeals in the case of *Scott* v. *Spaulding* (1944), 41 Ohio Law Abs. 449. Paragraph one of the headnotes contains the pronouncement as follows:

"An instruction in an automobile collision case embodying the terms of Section 6310-17 G. C., and stating in effect that the defendant had the right to assume, *in the absence of knowledge to the contrary,* that all vehicles operating in the opposite direction from him would keep to the right side of the road, is correct and complete notwithstanding it carries no qualification as to the obligation upon the driver to have been proceeding 'in a lawful manner.' " (Emphasis added.)

The court in *Dibert* approves the rule in *Scott* when passing upon the propriety of two special instructions used in the trial of the case, one of which uses the language "in the abence of knowledge to the contrary." The attitude of the Court of Appeals is evident in its statement as follows:

"We deem it inappropriate to deviate from that declaration in this case."

In the case before us, both parties to the accident had knowledge of the condition of the road. The trial court's finding of fact numbered 11 reads as follows:

"The plaintiff had been over the part of Bowen Road in which the accident occurred two hours prior to the time of the accident. The defendant had been over the part of Bowen Road in which the accident occurred the day before the accident. There were snow drifts on the road the day before the accident and at the time plaintiff traveled on it two hours prior to the accident."

The plaintiff knew of the condition of the road, but so also

did the defendant. The defendant had no right to assume that all vehicles moving toward him would be on the right-hand side of the road because he had "knowledge to the contrary."

In the *Dibert case, supra,* the court, at page 275, makes an interesting observation. The language is as follows:

"* * * It cannot be said that ordinary care could not have prevented this collision. * * *"

The evidence in the instant case indicates that the defendant could have driven his car to the right, since the snow was less in quantity to his right than it was on the opposite side of the road. All the factors involved in the accident raise the question of ordinary care, perhaps in the case of both drivers, but most clearly as to the defendant.

The questions of negligence on the part of the defendant and possible contributory negligence on the part of the plaintiff were questions for the jury. Commonly, it is the defendant who is on the wrong side of the road rather than the plaintiff as in our case. Even though the parties are reversed, the rules are still applicable. In the case of *Wilde* v. *Ramsey* (1960), 113 Ohio App. 258, paragraph one of the syllabus reads as follows:

"Where, in a motor vehicle negligence action, the evidence discloses that the defendant, by driving his automobile left of the center line of the highway, was negligent as a matter of law, it is error for the trial court to enter judgment for the defendant at the close of all the evidence on the ground that there was not 'a preponderance of evidence either that the defendant was negligent or that he wasn't negligent.' "

In *Galuppo* v. *Violi* (1958), 79 Ohio Law Abs. 161, paragraph three of the headnotes reads as follows:

"Where a defendant offers evidence of facts from which it may be inferred that his violation of Section 4511.25, R. C., requiring a vehicle to be driven on the right half of a roadway, was due to the existence of a sudden emergency arising without his fault, the question of his liability in the premises and of the proximate cause of the injury resulting from such violation, are for the jury."

Both plaintiff and defendant had notice that Bowen Road was open only for one-way travel. Both were charged with the exercise of ordinary care. Whether either or both exercised such ordinary care is a question for the jury.

The judgment of the trial court is, therefore, reversed, and the case remanded for a new trial.

*Judgment reversed.*

DUFFY, J. (Presiding), and DUFFEY, J., concur.

DUFFEY, J., concurring. The evidence would justify a finding that at the time the plaintiff entered the snow "cut," he did not and could not know that defendant was approaching in the opposite direction. It is not negligence per se under Section 4511.25, Revised Code, to cross the center line to avoid an obstruction where the movement can be made with safety at the time. Plaintiff having entered the "cut" without negligence, the evidence shows that the obstruction made it physically impossible for plaintiff to return fully to the right side of the road. Accordingly, it could not have been negligence per se when he failed to do so.

Upon being faced with the defendant's oncoming auto, plaintiff's obligation was to use ordinary care. The evidence shows he pulled as far right as he could. There is evidence to find that he either came to a stop or slowed almost to a stop. Whether plaintiff exercised ordinary care after he was in the "cut" was an issue for the jury.

The defendant, although proceeding in a lawful manner in entering the "cut" at his end, had a discernible object in his line of travel. The evidence would justify a finding that he did see or could have seen the plaintiff's auto. His obligation was to use ordinary care, and whether he did so was an issue for the jury.